NO. 07-07-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2008
______________________________

MARK ANTHONY PEARSON, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 88226; HONORABLE LAYNE WALKER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Mark Anthony Pearson, Sr., pleaded guilty to the offense of burglary of
a building. Pursuant to a plea agreement, adjudication of his guilt was deferred and he
was placed on community supervision for a term of three years. Subsequently, the State
filed a motion to adjudicate, alleging a number of violations of appellantâs community
supervision order. Appellant pleaded true to three of the allegations, was adjudicated
guilty, and sentenced to serve 14 months in the Texas Department of Criminal Justice-State Jail Division. We affirm.
Â Â Â Â Â Â Â Â Â Â Appellantâs attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
courtâs judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has filed a response.
Â Â Â Â Â Â Â Â Â Â Appellantâs response alleges that his original plea was void because the same was
not supported by any evidence, other than the plea itself. The record clearly demonstrates
that appellant waived the appearance, confrontation and cross examination of any
witnesses in writing. Further, appellant stipulated that evidence from the pre-sentence
investigation report could be received in the records of the case. A review of the record
demonstrates that the plea was supported by the factual allegations concerning the
underlying burglary offense contained within the pre-sentence investigation report. The
trial court did not enter a finding that the evidence was sufficient to support a finding of guilt
until after the pre-sentence investigation report was submitted. See Tex. Crim. Proc.
Code Ann. Â§ 1.15 (Vernon 1991). Appellant alleges that his counsel in the original case
was ineffective for failure to prepare any pre-trial motions. Again, the record clearly
demonstrates this allegation is false. Appellantâs original trial counsel filed motions for
discovery and inspection of the evidence, motion to list Stateâs witnesses and request for
criminal histories, motion for notice of Stateâs intent to use extraneous offenses and a
motion to discover exculpatory evidence. Appellant makes other unsubstantiated claims
of ineffective assistance of counsel. We have reviewed the entire record and it
demonstrates that a claim of ineffective assistance of counsel is frivolous and has no
arguable merit. See Bone v. State, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002).
Â Â Â Â Â Â Â Â Â Â By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Â Â Â Â Â Â Â Â Â Â Accordingly, counselâs motion to withdraw is hereby granted


 and the trial courtâs
judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Do not publish. 



xception Locked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00167-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



JANUARY
10, 2011

Â 



Â 

MICHAEL GRINELL FRANKLIN, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 286TH DISTRICT COURT OF HOCKLEY
COUNTY;

Â 

NO. 04-04-5721; HONORABLE HAROLD PHELAN, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

After his
conviction of the offense of possession of a controlled substance and the
resulting sentence of forty years of imprisonment and the imposition of a
$10,000 fine, appellant Michael Grinell Franklin
appeals, seeking a new sentencing hearing.Â 
He raises two issues, contending the trial court erred in admitting
testimony and that this error harmed him.Â 
We will affirm.

Â 

Â 

Background

Appellant was
indicted for possession of cocaine with intent to deliver in an amount of four
grams or more but less than 200 grams.[1]Â  The indictment also set forth appellant=s previous final
felony conviction for delivery of a controlled substance.[2]Â  Appellant plead not guilty and a jury heard
the case.

The appellate
issues focus on the testimony of a Department of Public Safety sergeant, who
was the arresting officer and the StateÂs primary witness.Â  The sergeant, who was a trooper at the time
of the arrest, testified to his training.Â 
He said he had received six-and-a-half month=s training at the
DPS Academy, obtained his associate degree in law enforcement technology, was
certified by TCLEOSE,[3]
and received additional training at the DPS Academy in Austin.Â  He also described his experience.Â  At the time of trial, his DPS assignment was
Âwith the criminal intelligence service.ÂÂ 
Prior to that assignment, he was assigned for several years as a trooper
in Hockley County.Â  As he described his
duties as a trooper, they included Âpatrol, traffic enforcement . . . criminal
enforcement.Â

He testified to
his encounter with appellant, during which he located a baggy containing an
off-white material, later tested and found to be crack cocaine.Â  He weighed the baggy and its contents, and
found them to have a Ârough weightÂ of 10 grams.[4]Â  The sergeant gave further testimony regarding
the cocaine, concluding by characterizing the amount as a Adealer=s amount.@ The State made
reference to the sergeantÂs testimony several times in its closing arguments in
both the guilt-innocence and punishment phases of trial.

The jury did not
find appellant guilty of possession of with intent to deliver, but did find him
guilty of the lesser offense of possession of cocaine, and, as noted, sentenced
him to forty years of imprisonment and a $10,000 fine.Â  The Court of Criminal Appeals later granted
appellant an out-of-time appeal. See Ex parte Franklin, No. AP-76119, 2009 Tex.Crim.App. Unpub. LEXIS 208 (Tex.Crim.App. 2009).Â  This appeal followed, in which appellant
seeks a remand for a new trial on sentencing.[5]

Analysis

On appeal,
appellant argues the trial court reversibly erred by allowing the sergeant to
give opinion testimony about the cocaine.Â 
He contends admission of the testimony was impermissible under either
Rule of Evidence 701 or 702.Â  Tex. R. Evid. 701,
702. Â 

The complained-of
testimony occurred during the following exchange in the guilt-innocence phase
of trial:

Q. (By prosecutor)Â Â Â  And based on your training and experience, do you know an
estimated value of something of that size [referring to the cocaine]?

A.Â 
(By
witness)Â Â Â Â Â Â Â  Well, each rock can beB

Defense counsel:Â Â Â  Objection,
calls for speculation.

Prosecutor:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Your
Honor, he is an officer that has testified that he has had training and
experience in this area, and heBbased on his training and experienceB

The Court:Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Overruled.Â  Go ahead.

A.Â 
(By
witness)Â Â Â Â Â Â Â  Okay.Â  The rocks come in $10 rocks, $20 rocks, $50
rocks, depending on the size.Â  And I
would say approximately $500 when it wasBoh, it=s crushed now, but it=s old.Â  But I would
say approximately $500.

Q.Â  (By prosecutor)
Without opening it up and inspecting it, can you estimate how many uses or
hits, as they call them, that an amount in that muchBthat amount would be?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  A
lot.Â  It would be hard to guestimate [sic].Â 
But when people buy one rock at a time, that=s there [sic] would probably have
been 30, 40, maybe 50 rocks in this bag.

Q.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  So,
safe to say somewhere between 30 and 50 individual uses?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Yes.

Q.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Somewhere
in that range?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Yes,
without counting.

Q.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Right,
without opening it and counting it.Â 
Based on your training and experience, is this amount a user=s amount?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.

Q.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  What
is it?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  It=s a dealer=s amount.

Q.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Based
on your training and experience, is it common for an amount of crack cocaine to
just be left laying [sic] on the ground?

A.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.

Â 

As noted, the
State referred to this testimony in its closing argument at both the
guilt-innocence and punishment phases of trial.Â 
During its summation at punishment, the State argued, AWhat kind of message
are we going to send about drugs?Â  What
kind of message are we going to send about 30 to 50 doses of crack cocaine to
our community, to our kids, to our children?@Â  

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs argument is that the
sergeantÂs improperly-admitted opinion testimony about the value and uses of
the cocaine led the jury toward a conclusion he intended to distribute the drug
and eventually caused the jury to impose a more severe punishment.

Â Â Â Â Â Â Â Â Â Â Â  We first note that appellantÂs
contention is only partially preserved for our review. To preserve a complaint
for appellate review, a party must have presented to the trial court a timely
request, objection or motion, stating the specific grounds for the ruling he
desired the court to make if the specific grounds were not apparent from the
context. Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070,
119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); Rezac v. State, 782 S.W.2d 869, 870
(Tex.Crim.App.1990). Two policies support the requirement of a timely and
specific objection.Â  See Zillender v. State, 557 S.W.2d 515, 517 (Tex.Crim.App. 1977) (op. on reh'g).
First, a timely and specific objection affords the trial judge the opportunity
to consider and rule on the grounds that provide the basis for the objection. Id.
Second, the objection affords opposing counsel the opportunity to cure the
objectionable aspect or supply substitute testimony. Id. 

Moreover, to
preserve error in admitting evidence, a party must make a proper objection and
get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or
obtain a running objection.[6]
An
error in the admission of evidence is cured where the same evidence comes in
elsewhere without objection.Â  Valle v. State, 109 S.W.3d 500, 509 (Tex.Crim.App.
2003).Â  See also Leday v. State, 983 S.W.2d 713, 718
(Tex.Crim.App.1998) (explaining that A[o]ur rule . . . is that overruling an objection to evidence
will not result in reversal when other such evidence was received without
objection, either before or after the complainedâof
ruling@); Willis v.
State, 785 S.W.2d 378, 383 (Tex.Crim.App.1989) (noting that admission of
inadmissible evidence is rendered harmless if the same or similar evidence is
introduced without objection elsewhere during trial).

Â Â Â Â Â Â Â Â Â Â Â  The only objection raised during the
testimony to which appellant refers was that on the grounds of speculation when
the prosecutor first asked the question AAnd based on your
training and experience, do you know an estimated value of something that size?@Â  No objection was made to the sergeantÂs
estimate, in response to a later question, that the
cocaine consisted of thirty to fifty individual rocks or Âuses.ÂÂ  Nor was objection raised to his statement
still later that the amount of cocaine was a ÂdealerÂs amountÂ not a ÂuserÂs
amount.ÂÂ  Therefore, only appellantÂs
complaint concerning the $500-value testimony is preserved for our review.

Even assuming the court erred by
allowing the sergeant, over appellantÂs ÂspeculationÂ objection, to testify to
an opinion the cocaine had a value of $500, a finding we do not make,[7]
no harm resulted from any error in permitting the testimony. See Tex. R. App. P. 44.2(b) (describing
reversible error); Hernandez v. State,
176 S.W.3d 821, 824 (Tex.Crim.App. 2005) (to show harm,
the error in admitting the evidence must have had a
substantial and injurious effect in determining the jury's verdict).Â  First, other evidence of appellantÂs intent
to distribute the cocaine was admitted without objection.Â  The sergeantÂs statements the cocaine
consisted of thirty to fifty individual rocks or Âuses,Â and his statements the
amount of cocaine was a ÂdealerÂs amountÂ not a ÂuserÂs amountÂ both tend to
show an intent to distribute, and, in fact are more probative of the intent to
distribute than the fact the drugs had a value of $500.Â  

Second, with
regard to the injurious effect of the testimony of value, the record reflects
the only reference the State made to the testimony concerning the $500 value
was during its summation at the guilt-innocence phase of trial.Â  Again, the jury did not find appellant guilty
of possession with intent to deliver.Â 
And, as noted, during its argument on punishment, the StateÂs reference
was to the 30 to 50 ÂdosesÂ found in appellantÂs possession, testimony to which
no objection was raised. 

Accordingly, we
conclude any harm from admission of the $500-value testimony was cured by the
admission without objection of similar testimony.Â  We find also fair assurance that any error in
admission did not have a substantial and injurious effect or influence on the
juryÂs verdict.Â  See Garcia v. State, 126 S.W.3d 921, 927 (Tex.Crim.App. 2004).Â 


We overrule
appellantÂs issues and affirm the judgment of the trial court. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Do not publish.

Â 

Â 

Â 








Â 











[1]Â  See Tex.
Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).Â  This is a second degree felony punishable by
imprisonment for a term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000. Tex. Penal Code Ann. '
12.33 (Vernon 2003). 





[2]Â 
See Tex. Penal Code Ann. ' 12.42 (Vernon 2003).Â 
Appellant=s punishment was enhanced from a
second degree felony to a first degree felony, making the applicable punishment
range imprisonment for life or for any term of not more than 99 years or less
than 5 and a fine not to exceed $10,000.Â 
Tex. Penal Code Ann. ' 12.32
(Vernon 2003). 





[3] TCLEOSE is the Texas
Commission on Law Enforcement Officer Standards and Education.Â  37 Tex. Admin. Code Â§ 215.15 et seq. (Vernon Supp. 2010).

Â 





[4]Â 
The StateÂs chemist testified the net weight of the substance was 7.59
grams and it contained cocaine. 





[5] The State has not favored us with a
brief in this appeal.





[6]
Asserted error
also may be preserved by an objection to proferred evidence
made outside the presence of the jury. Tex. R. Evid. 103. 

Â 





[7]
AppellantÂs
brief asserts that the sergeant never testified he had any experience dealing
with narcotics.Â  The sergeant testified
he frequently patrolled the area in which he encountered appellant; he referred
to the Âdrug activityÂ there; he testified to his practices weighing
contraband; and he testified without objection that 10 grams of cocaine was Âa
lot.Â Nonetheless, as noted, for purposes of this opinion we will assume
without deciding that the court erred by allowing the officer to opine as to
the cocaineÂs value.