**Homero Herrera HERNANDEZ, Appellant,**

v.

**The STATE of Texas.**

**No. PD–2106–03.**

Court of Criminal Appeals of Texas.

Nov. 2, 2005.

Stephen Gustitis, Bryan, for appellant.

Stephen Taylor, Attorney Pro Tem, Galveston, Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

HERVEY, J., delivered the opinion of the Court in which P.J., KELLER, MEYERS, PRICE, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

In this case, we address whether compliance with the notice provision of TEX.R. EVID. 404(b) is a condition precedent to admissibility of Rule 404(b) evidence and how to apply the TEX.R.APP. PROC. 44.2(b) harm analysis to a violation of the notice provision of Rule 404(b).

The notice provision of Rule 404(b), in relevant part, provides that other-crimes evidence may be admissible for limited, non-character conformity purposes provided that the prosecution gives the accused reasonable notice in advance of trial of its intent to use this evidence during its case-in-chief. Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Rule 44.2(b) requires an appellate court to disregard any error "that does not affect substantial rights." Rule 44.2(b) states:

> Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded [by a court of appeals].

Appellant complained during his capital murder trial that the prosecution did not provide him with adequate notice of its intent to use various extraneous offenses that appellant committed.[1] The Court of

---

1. For example, the record reflects that the police obtained six taped statements from appellant, and that these statements were admitted into evidence at appellant's capital murder trial. In these statements, appellant admitted committing various extraneous offenses. The prosecution provided these taped statements to appellant's counsel soon after he was appointed to represent appellant. Appellant's counsel later filed a Rule 404(b) notice request asking whether the prosecution intended to use extraneous offense evidence at appellant's trial. The prosecution did not respond to this notice request, and claimed at trial that providing appellant's counsel with the six taped statements complied with the Rule 404(b) notice provision. Appellant argued on direct appeal that the timing of his Rule 404(b) notice request "implie[d] Appellant's desire to know, of the many extraneous offenses known by the state, which ones they intended to introduce." The record also reflects that appellant's counsel told the trial court during a pre-trial conference (after he had filed his Rule 404(b) notice request) that the prosecution had been "totally cooperative" in providing discovery.

> [APPELLANT'S COUNSEL]: Judge, [the prosecution] and I have been working together on the discovery, and I'm not sure we're totally done yet but I think the State has been totally cooperative in giving me what I need and access to what I need. The only other motions that may come up and need to be heard at time of trial is expert testimony and things of that nature.

Appeals decided that the prosecution's failure to comply with the notice requirement of Rule 404(b) was harmless because appellant was not surprised by this evidence.

> The purpose of the rule 404(b) notice requirement is to prevent surprise (*i.e.*, rather than to exclude evidence). [Citation omitted]. Therefore, if the trial court erred in admitting the evidence due to lack of notice (as contrasted from other inadmissibility), we must determine whether the record reflects harm to appellant in terms of surprise. [Footnote omitted]. Such harm might exist, for example, if the lack of notice prejudiced appellant's ability to contest the admissibility of the evidence, rebut it, or offer evidence or arguments to mitigate it. [Footnote omitted] However, we find no indication in the record (or appellant's brief) of any such prejudice or that notice from the State could have materially enhanced defense counsel's ability to counter this evidence. Therefore, we conclude that any error in admitting the extraneous offense evidence without the requisite notice was harmless [footnote omitted]. . . . [2]

■ We exercised our discretionary authority to review this decision. The grounds upon which we granted discretionary review ask:

1. Whether the Texas Rule of Evidence 404(b) notice requirement is a rule of evidence admissibility.

2. Whether the Court of Appeals can ignore the impact of evidence on the verdict admitted in violation of the [Rule 404(b)] notice requirement when evaluating harm under [Rule 44.2(b)].[ [3] ]

We understand the State to argue that a trial court may admit Rule 404(b) evidence notwithstanding the State's noncompliance with the notice provision of Rule 404(b) if the trial court determines that admitting the evidence would not frustrate the purpose of this notice provision of preventing surprise. *See Hayden v. State*, 66 S.W.3d 269, 272 (Tex.Cr.App.2001) (purpose of Rule 404(b) notice provision is to prevent surprise); *Waltmon*, 76 S.W.3d at 158 (nature of right potentially affected by State's noncompliance with notice provision of Rule 404(b) is defendant's right to be informed of other-crimes evidence State intends to use so as to be able to prepare a defense); *Webb*, 36 S.W.3d at 178 (Rule

---

**2.** *Hernandez v. State*, slip op. at 2–3, No. 14–02–00489–CR, 2003 WL 22253337 (Tex.App.-Houston [14th Dist], October 2, 2003) (not designated for publication).

**3.** In his brief, appellant presents this ground as follows:

> Since [Rule 404(b)] notice is a rule of evidence admissibility, under [Rule 44.2(b)] a reviewing court must consider the impact of evidence admitted in violation of the rule upon the verdict itself, rather than simply the opponent's ability to contest the evidence, rebut it, or offer evidence and arguments to mitigate against it.

We note a split among some intermediate appellate courts on exactly how to apply the Rule 44.2(b) harm analysis to a violation of the notice requirement of Rule 404(b). At least one court assessed harm by examining the entire record to determine whether the

error had "a substantial and injurious effect on the jury's decision." *See Waltmon v. State*, 76 S.W.3d 148, 156–61, 161 (Tex.App.-Beaumont 2002). In another case, the Fourteenth Court of Appeals examined whether the error "substantially influenced the jury's decision" by impacting the defendant's "ability to present a viable defense." *See Webb v. State*, 36 S.W.3d 164, 183 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Three courts of appeals similarly assessed harm by determining whether the error surprised the defendant. *See Roethel v. State*, 80 S.W.3d 276, 281–83 (Tex.App.-Austin 2002, no pet.) (determining whether violation of notice provision similar to notice provision of Rule 404(b) was done by the prosecution in bad faith and whether the defendant could have reasonably anticipated the evidence).

404(b) notice provision intended to prevent surprise and lying behind the log by the State); Advisory Committee Notes to FED. R.EVID. 404(b)[4] (federal rule 404(b) notice provision intended to reduce surprise and to promote the early resolution of admissibility of Rule 404(b) evidence). The State, therefore, argues that the Rule 404(b) notice provision is not a rule of evidence admissibility.

We disagree. Rule 404(b) literally conditions the admissibility of other-crimes evidence on the State's compliance with the notice provision of Rule 404(b). *See* Rule 404(b) (other-crimes evidence may be admissible "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction"); *Roethel,* 80 S.W.3d at 281 (rejecting claim that State's failure to comply with notice provision similar to notice provision of Rule 404(b) does not automatically render such evidence inadmissible).[5] This is not to say that a trial court is without discretion to utilize its powers (such as granting continuances to reduce surprise) to permit the

State to bring itself in compliance with the notice provision of Rule 404(b). But, a trial court must use these powers to ensure compliance and not to excuse noncompliance.

■ Since the notice requirement of Rule 404(b) is a rule of evidence admissibility, then it is error to admit Rule 404(b) evidence when the State has not complied with the notice provision of Rule 404(b). The Rule 44.2(b) harm standard is whether the error in admitting the evidence "had a substantial and injurious effect or influence in determining the jury's verdict." *See King v. State,* 953 S.W.2d 266, 271 (Tex.Cr.App.1997). The issue in cases like this is how to apply this standard. We find helpful the Austin Court of Appeals' discussion in *Roethel,* 80 S.W.3d at 281–82:

> Accordingly, we must assess harm from the violation of [a notice provision similar to Rule 404(b)'s] against its intended purpose.[[6]] Although the violation of the notice provision resulted in the improper admission of evidence, we cannot employ the harm analysis used for violations of the rules of evidence concerning relevancy because the purpose of those rules differs from the purpose of the

---

4. Federal Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

5. We further note that the Advisory Committee's notes to Federal Rule 404(b) also state that the notice requirement "serves as condition precedent to admissibility of Rule 404(b) evidence," and that this evidence "is inadmis-

sible if the court decides that the notice requirement has not been met." *See Johnson v. State,* 43 S.W.3d 1, 4 (Tex.Cr.App.2001) (interpretation of federal rules persuasive in interpreting comparable state rules).

6. *Roethel* addressed how to apply a Rule 44.2(b) harm analysis to the State's violation of the notice provision of Article 37.07, section 3(g), TEX.CODE CRIM. PROC., which requires the State, upon a defendant's timely request, to provide notice "in the same manner required by Rule 404(b)" of its intent to introduce evidence of the defendant's prior criminal record at the punishment phase of a noncapital case. *See also Waltmon,* 76 S.W.3d at 155 (cases involving adequacy or reasonableness of Rule 404(b) notice may be instructive as to those specific "notice of intent" issues arising under Article 37.07, section 3(g)).

[Rule 404(b) notice provision]. The rules of evidence governing relevancy limit the use of evidence that may be unfairly prejudicial or misleading; for instance, evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person to show that the commission of the crime at issue is consistent with the defendant's character, but is admissible for other purposes. [Citation omitted]. When evidence of an extraneous offense is admitted to prove such character conformity, we examine the record to determine how the admission of this **substantively inadmissible** evidence affected the jury's verdict. [Citation omitted]. That test is appropriate because the erroneous admission of the evidence thwarts the rule's purpose of shielding the jury from evidence used for improper reasons. [Citation omitted]. **The notice requirement found in [the Rule 404(b) ], however, does not relate to the substantive admissibility of the evidence.** [Citation omitted]. The lack of notice does not render the evidence inherently unreliable, but instead raises a question about the effect of procedural noncompliance. The purpose of the notice requirement is to enable the defendant to prepare to meet the extraneous offense evidence. [Citation omitted]. Thus, we must analyze how the deficiency of the notice affected [the defendant's] ability to prepare for the evidence.

(Emphasis supplied).

We agree that the purpose of the Rule 404(b) notice provision of preventing surprise is a valid consideration in conducting a Rule 44.2(b) harm analysis. *See Ford v. State,* 73 S.W.3d 923, 926 (Tex.Cr.App. 2002) (focusing on purpose of violated jury-shuffle statute in conducting Rule 44.2(b) harm analysis). However, we do not agree with appellant that this is inconsistent with *King* and the usual harm analysis applied to the improper admission of evidence.

When an appellate court determines that a jury's verdict was substantially influenced by the improper admission of substantively inadmissible Rule 404(b) evidence, that influence on the jury's verdict will always be "injurious" since there was no proper purpose for the jury to consider the evidence. But, this is not the case when substantively admissible Rule 404(b) evidence is improperly admitted because of the State's failure to comply with the Rule 404(b) notice provision. Under these circumstances, the error in admitting this evidence may have had a substantial effect or influence on the jury's verdict, but it cannot be said that this effect or influence was "injurious" if the defendant was not surprised by the evidence. *See King,* 953 S.W.2d at 271 (substantial right affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict").

In this case, for example, appellant primarily complains about the admission of his own audio-recorded statements to the police which contained multiple references to his extraneous cocaine "pick-ups," drug thefts, attempts to sell altered weapons, and shooting of guns. A copy of these audio tapes were given to appellant's counsel months before he made a Rule 404(b) notice request. Appellant did not make any assertion at trial, or on appeal, that he was "surprised" by the notion that the State would offer into evidence those six tape-recorded statements which contained his oral admission of numerous acts of extraneous misconduct.

Appellant is correct in asserting that "simply because the defendant knew about the extraneous acts does not mean he has been given notice of the state's intent to use the evidence ... [or that] he is properly prepared to defend against them." A defendant who has asked for notice of what uncharged misconduct the State intends to use against him, may think, when

the State fails to respond, that the prosecutor does not know of those prior peccadilloes. Thus, he need not be prepared to defend against their use because the State is either unaware of their existence or does not think they are relevant. On the other hand, it strains credulity to think that this defendant in this case was not on notice that the State intended to use his six recorded statements as a part of its evidence or that he had not prepared to defend against their use. Obviously the State was aware of the tape recordings, had timely furnished appellant's counsel a copy of those recordings, and, considering how relevant they were to the capital murder charge, could be expected to use them at trial.

Further, appellant has failed to make any showing of how his defense strategy might have been different had the State explicitly notified him that it intended to offer the complete tape recordings at trial, or how his defense was "injuriously" affected by the State's failure to provide reasonable notice. Appellant notes that "[r]elying upon the [S]tate's notice is useful in giving the opponent the opportunity to investigate the extraneous acts, find witnesses to rebut the acts, and to develop evidence to mitigate them." Although that may be true, appellant makes no argument that, because of the State's failure to give him notice, he was unable to prepare his defense in this particular case. Surely, having been given the complete tape recordings, appellant's counsel listened to them and thus was in a position to develop evidence to mitigate their impact.

The judgment of the Court of Appeals is affirmed.

WOMACK, J., concurred.