COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-05-171-CR

 

SANTIAGO OLIVAS
CONTRERAS                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

 

A jury convicted Appellant
Olivas Contreras of aggravated sexual assault of a child under 14 years of
age.  The jury assessed Contreras=s punishment at twenty years= confinement.  In his sole
point, Contreras contends that he is entitled to a new punishment hearing.  We affirm.

Contreras claims that despite
his timely request for notice of the State=s intent to use prior convictions at punishment, the State failed to
provide such reasonable notice.  At
punishment the trial court admitted, over Contreras=s objection, a pen packet establishing that Contreras had two prior
convictions for driving while intoxicated.








For purposes of our analysis,
we will presume that the State=s notice, provided verbally to defense counsel on the first day of
trial before voir dire commenced, was not reasonable.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon Supp. 2006) (requiring that on timely request of the
defendant, notice of the State=s intent to introduce extraneous offense evidence under article 37.07,
section 3(g) of the Texas Code of Criminal Procedure shall be given in the same
manner required by Rule 404(b) of the Texas Rules of Evidence); see also
Linder v. State, No. 03-00-00624-CR, 2002 WL 1729554, *2-3 (Tex. App.CAustin 2002, pet. ref=d) (not designated for publication) (holding untimely State=s notice of intent to use at punishment two prior convictions when
notice was given on second day of trial). 
In the absence of reasonable notice, a trial court abuses its discretion
by admitting extraneous offense evidence. 
Roethel v. State, 80 S.W.3d 276, 283 (Tex. App.CAustin 2002, no pet.) ("Utterly failing to provide the required
notice would automatically render the evidence inadmissible. . . . ").








Turning to the issue of harm,
we are required to apply appellate rule 42.2(b)=s non-constitutional error standard of review when extraneous
convictions are admitted improperly under article 37.07, section 3(g) at
punishment.  See Tex. R. Civ. P. 42.2(b); Apolinar v.
State, 106 S.W.3d 407, 414 (Tex. App.CHouston [1st Dist.] 2003) (reviewing error in admission of article
37.07, section 3(g) punishment phase extraneous offense evidence under rule
42.2(b)), aff'd, 155 S.W.3d 184 (Tex. Crim. App. 2005); Roethel, 80
S.W.3d at 281; see also Hernandez v. State, 176 S.W.3d 821,
824-25 (Tex. Crim. App. 2005) (analyzing harm in failure to provide 404(b)
notice under rule 44.2(b) and "find[ing] helpful" the article 37.07,
section 3(g) test for harm set forth in Roethel).  Applying rule 44.2(b), we are to disregard
the error if it did not affect Contreras=s substantial rights.  Tex. R. App. P. 44.2(b); see Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State,
961 S.W.2d 639, 642-43 (Tex. App.CFort Worth 1998, pet. ref=d).  

Because the lack of notice to
a defendant does not render his prior convictions inherently unreliable, our
harm analysis focuses on the actual effect of the State=s procedural noncompliance with the notice requirement.  Hernandez, 176 S.W.3d at 825.  The purpose of the notice requirement is to
enable the defendant to prepare to meet the extraneous offense evidence.  Thus, we analyze how the deficiency of the
notice affected the defendant=s ability to prepare for the evidence. 
Id.








The record contains no
indication that the State=s failure to
provide Contreras reasonable notice of the State=s intent to admit the DWI pen packets affected Contreras=s ability to respond to this extraneous offense evidence.  Contreras did not move for a continuance of
the punishment hearing.  Further,
Contreras=s attorney
questioned the State=s witness
regarding the pen packet and successfully established that Contreras had no
criminal history subsequent to these two DWI convictions.[2]  The jury had the option of assessing a life
sentence, but it assessed  punishment at
twenty years=
confinement.  In short, nothing in the
record indicates that the State=s failure to provide reasonable notice of its intent to introduce
Contreras=s two prior
DWI convictions damaged Contreras=s defense during the punishment phase of his trial.  Accord id. at 824-25.  Accordingly, we are required to disregard any
error in the trial court=s punishment
phase admission of the pen packet evidencing Contreras=s two prior DWI convictions.  See
Tex. R. App. P. 44.2(b).  We overrule Contreras=s sole point and affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL
A: LIVINGSTON, HOLMAN, and WALKER, JJ

 

LIVINGSTON,
J. concurs without opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 19, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
pen packet indicated that Contreras committed the offenses of DWI on November
20, 1994 and on January 4, 1997.