In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-088 CR


____________________



JUSTIN MICHAEL HOPSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1st District Court


Newton County, Texas


Trial Cause No. ND 5629






MEMORANDUM OPINION


 A jury found Justin Michael Hopson guilty of murder and assessed a sixty-year
sentence of confinement. The three issues raised on appeal concern evidence admitted in the
punishment phase of the jury trial. First, Hopson contends the trial court erred in admitting
a videotape of his statement taken without his counsel being present. Second, Hopson argues
that the State failed to provide the requisite notice of its intent to prove an extraneous offense
mentioned by Hopson in the course of the interview depicted on the videotaped statement.
Finally, Hopson contends the trial court erred in refusing to submit the issue of sudden
passion to the jury.

 Hopson gave two recorded statements to law enforcement officials. He did not
challenge the admissibility of the first statement, but argued the second statement was
inadmissible because counsel had been appointed to represent the defendant and was not
notified of the interview. The investigating officer testified that he mentioned to Hopson that
defense counsel had been appointed to represent Hopson and that Hopson replied that he
wanted to speak with the Sheriff outside the presence of counsel. This exchange appears on
the videotape of the statement, as does Hopson's acknowledgment later in the interview that
he had initiated the contact with the Sheriff.

 On appeal, Hopson contends the videotape of the interview reveals that he was
mentally impaired from drug usage when he waived his right to counsel. Hopson contends
for the first time on appeal that the State failed to establish a knowing, intelligent waiver of
his right to counsel because Hopson was too intoxicated to knowingly and intelligently waive
that right. A complaint that does not comport with the argument presented to the trial court
is waived. Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Tex. R. App.
P. 33.1. Hopson failed to preserve the issue he complains about on appeal.

 Furthermore, the videotape of the interrogation does not support Hopson's claim that
he did not knowingly and intelligently waive his rights. "Intoxication, while relevant, does
not render a confession involuntary per se." Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim.
App. 1996). The interview lasted almost an hour, during which Hopson appeared to be
coherent and oriented to where he was and why he was there. During the Tuesday morning
interrogation, Hopson stated that he had last ingested methamphetamine the previous Friday
night. He told the officer that the drug takes four or five days to get out of one's system, and
stated that he felt like he was "high as a kite." At that point in his statement, Hopson was
implying that the homicide resulted from a drug-induced paranoia. Near the conclusion of
the interrogation, the investigating officer asked Hopson about his current state, and Hopson
responded that he was close but not fully free of the effects of the drugs. Hopson was least
communicative when pressed about the details of the homicide, but his reticence appears to
stem from a reluctance to incriminate himself rather than from mental impairment or thought
disorder. The evidence of intoxication in this case is not so powerful that the trial court
should have found that the appellant's intoxication rendered him incapable of making an
independent, informed decision to waive his right to counsel.

 Hopson filed a post-submission supplemental brief presenting additional argument in
support of his issue on the admissibility of his second videotaped statement. For the first
time in his supplemental brief, Hopson contends that the trial court erred in failing to sua
sponte instruct the jury that it could not consider the statement for any purpose unless it first
found beyond a reasonable doubt that the statement was voluntarily made. See Tex. Code
Crim. Proc. Ann. art. 38.22, §§ 6, 7 (Vernon 2005). In the hearing conducted outside the
presence of the jury, Hopson challenged the voluntariness of his confession based upon
counsel not being notified in advance of the interview. During the bench hearing, Hopson
never claimed that his statement was involuntary due to intoxication. When the State offered
the videotape into evidence at trial, defense counsel renewed those objections "previously
noted" but did not present any evidence to the jury in support of his claim that defense
counsel had not been notified in advance of the interview. Although the Sheriff testified that
"[i]n the very beginning of the tape [Hopson] was doing all the hacking and spitting"
apparently because he was still feeling the effects of his methamphetamine use, no evidence
was presented to the jury that Hopson's methamphetamine use affected the voluntariness of
his statement. "If evidence offered before the jury does not raise the issue of voluntariness
of the confession, appellant is not entitled to a jury charge on the matter." Hernandez v.
State, 819 S.W.2d 806, 812 (Tex. Crim. App. 1991). Issue one is overruled.

 In his second issue, Hopson argues the trial court erred in admitting into evidence that
portion of his statement in which he discussed having been on probation. Hopson does not
contend the evidence was not relevant to punishment, but argues the trial court should have
excluded the evidence because the State failed to identify it in a response to a request for
notice of intent to introduce extraneous offense evidence in punishment. See Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon 2006). The State did not provide a formal notice
that it intended to offer into evidence extraneous offenses in the punishment phase of the
trial. The State did, however, provide a formal discovery response to defense counsel that
included six witness statements and copies of the videotapes of Hopson's two interviews.

 The effect of procedurally inadmissible extraneous offense evidence cannot be said
to be injurious where the defendant was not surprised by the evidence. Hernandez v. State,
176 S.W.3d 821, 825 (Tex. Crim. App. 2005) (applying Tex. R. Evid. 404(b)). Under such
circumstances, the error is harmless. Id.; see Tex. R. App. P. 44.2(b). In Hernandez,
appellant complained of the admission of multiple extraneous offenses referred to in his own
recorded statement. Hernandez, 176 S.W.3d at 825. The State provided copies of the audio
tapes to defense counsel months earlier. Id. On appeal, Hernandez argued for a distinction
between knowledge of the evidence and notice of the State's intent to use it at trial. Id. The
Court of Criminal Appeals reasoned that "it strains credulity to think that this defendant in
this case was not on notice that the State intended to use his six recorded statements as a part
of its evidence or that he had not prepared to defend against their use." Id. at 826. On
appeal, Hopson argues that had he received formal notice of the State's intent to introduce
evidence of a conviction to the jury, he could have questioned the jury about the matter
during jury selection. As was the case in Hernandez, the reference to an extraneous offense
is in a recorded statement by the accused that was produced in discovery well before trial. 
As in Hernandez, it "strains credulity" to think that Hopson was not on notice that the State
intended to use the videotape in which Hopson confessed to having killed the victim. Any
error in admitting the evidence without the State having responded to the request for notice
of evidence to be offered under Article 37.07 is, under the circumstances present in this case,
harmless.

 Hopson also contends the trial court erred in admitting the extraneous offense
evidence over his objection that it was more prejudicial than probative. See Tex. R. Evid.
403. Hopson contends the jurors might surmise that Hopson had a conviction that made him
ineligible for community supervision. He also contends that the jury might infer that he was
not a person of good moral character. This was not a case in which the defendant presented
himself as a law-abiding citizen. Drug addiction provided Hopson's defensive theory in this
case, as defense counsel argued that Hopson suffered from a drug-induced psychosis. In the
punishment phase, defense counsel emphasized the absence of a history of violence. 
Hopson's statement about being on probation does not undermine Hopson's defensive theory. 
The trial court's ruling that the prejudicial effect of the punishment-phase extraneous offense
evidence does not outweigh its probative value is within the zone of reasonable
disagreement. We hold the trial court did not abuse its discretion. Issue two is overruled.

 In his third issue, Hopson contends the trial court erred in denying his request for a
special issue as to whether he caused the death under the immediate influence of sudden
passion arising from an adequate cause. See Tex. Pen. Code Ann. § 19.02(d) (Vernon
2003). In arguing for a sudden passion issue, defense counsel relied upon evidence that
Hopson suspected that his girlfriend and the complainant were having an affair and on
Hopson's statement that he and the victim fought. Hopson bruised his knuckles and there
were lacerations on the victim's face that were not caused by the shotgun pellets. The
"squabble" described by Hopson in his videotaped statement occurred earlier in the day, not
at the time of the murder. In his brief, Hopson speculates that the victim admitted to having
an intimate relationship with Hopson's girlfriend, but there is no evidence in the record that
such an admission occurred at the time of the offense, as required by the statutory definition
of "sudden passion." Tex. Pen. Code Ann. § 19.02(a)(2) (Vernon 2003). A voluntary
manslaughter instruction is not required where the passion-inducing event occurs hours
before the killing, and in a different location, and the altercation which results in death is an
escalation of the previous crisis. See McKinney v. State, 179 S.W.3d 565, 570 (Tex. Crim.
App. 2005) (argument between father and son began at a convenience store and escalated
into a physical altercation at home); Hobson v. State, 644 S.W.2d 473, 478 (Tex. Crim. App.
1983) (father concerned for daughter upon her boyfriend's release from jail followed victim
all day before confronting and killing him). Issue three is overruled. We affirm the
judgment.

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on May 3, 2007

Opinion Delivered June 20, 2007

Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.