# NO. 12-08-00080-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON ANDREW HOPE,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Jason Andrew Hope appeals his conviction for sexual assault, a second degree felony. In three issues, Appellant contends that the trial court erred in allowing evidence of extraneous offenses to be introduced. We affirm.

### BACKGROUND

Because Appellant raises no issues regarding the guilt-innocence portion of the trial, we will only briefly outline the facts of the allegations against him. Appellant had several legal issues while residing in Georgia. Specifically, he was arrested and charged with cocaine and marihuana offenses. Rather than face trial in Georgia, Appellant moved to Texas and assumed a different identity. While in Texas, Appellant befriended a family that had a young child. When that child was fifteen, Appellant sexually assaulted her.

Appellant was indicted for sexual assault. Before trial, Appellant requested notice of any extraneous offenses the State intended to offer at trial. The State responded with a list of extraneous offenses. The State did not disclose that Appellant had charges pending in Georgia for delivery of cocaine, obstruction, and possession of marijuana, although it told Appellant immediately before trial

that he had warrants pending for those offenses.[1] The State did not offer this information during the guilt-innocence phase of the trial, and the jury found Appellant guilty as charged.

The State notified Appellant's counsel about the Georgia charges the morning of the punishment phase of the trial. Appellant testified during the punishment phase that he had never been convicted of a felony, making him eligible for a probated sentence.[2] Appellant objected during the State's cross examination to questions about the Georgia charges on the basis that the State had not given pretrial notice of those charges. The trial court overruled the objection, and the State asked Appellant about the charges. At the conclusion of the punishment phase, the jury assessed punishment at ten years of imprisonment and a fine of $5,000. The jury did not recommend that the sentence or fine be probated. The trial court sentenced Appellant pursuant to the jury's verdict. This appeal followed.

## EXTRANEOUS OFFENSES

In three issues, Appellant contends that the trial court erred in admitting evidence of extraneous offenses because the State did not provide prior notice of its intent to utilize the evidence at trial. Appellant does not contend that this evidence was substantively inadmissible extraneous conduct, but instead focuses solely on the lack of notice from the State.[3]

Article 37.07, section 3(g) provides in relevant part that "[o]n timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(g) (Vernon Supp. 2008). Thus, article 37.07, section 3(g) incorporates by reference the manner of notice required by Texas Rule of Evidence 404(b). *See **Jaubert v. State***, 74 S.W.3d 1, 2 (Tex. Crim. App. 2002). Rule 404(b) provides in pertinent part as follows:

---

[1] The obstruction charge was apparently filed after Appellant fled the state.

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 4 (d), (e) (Vernon Supp. 2008).

[3] Because the parties do, we address these issues as though evidence of the Georgia charges was actually admitted.

2

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the ***State's case-in-chief*** such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b) (emphasis added). Therefore, both article 37.07, section 3(g) and rule 404(b) condition the admissibility of extraneous offense evidence on the State's compliance with the notice provision found in the rule. TEX. R. EVID. 404(b); ***Hernandez v. State***, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). However, the notice provision applies only to evidence introduced in the State's case in chief. *Jaubert*, 74 S.W.3d at 3. When the State presents extraneous offense evidence in rebuttal or during cross examination, Appellant is not entitled to notice of the extraneous offenses. *Id.* at 4.[4]

Here, the State presented the extraneous offense evidence during its cross examination of Appellant. Thus, the State did not violate the notice provisions of article 37.07, section 3(g) or rule 404(b). The trial court did not err by allowing the extraneous offense evidence, and Appellant's first, second, and third issues are overruled.

### DISPOSITION

The judgment of the trial court is ***affirmed***.

BRIAN HOYLE
Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] The concurring opinion in *Jaubert* includes some excellent reasons for a prosecutor to give notice of extraneous offenses even when it is not required. *See Jaubert*, 74 S.W.3d at 4–8 (Cochran, J., concurring).

3