

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-13-00139-CR

**SHAVONDA WASHINGTON,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

_____

### From the County Court
### Navarro County, Texas
### Trial Court No. C34396-CR

_____

## MEMORANDUM OPINION

_____

A jury found Appellant Shavonda Washington guilty of four counts of tampering with a governmental record and assessed her punishment at two years' confinement in state jail and a $1,000 fine for each count. The jury also recommended, however, that the imposition of Washington's sentence be suspended and that she be placed on community supervision. The trial court suspended the sentence, with the exception of the fine, and placed Washington on community supervision for four years. This appeal ensued.

**Extraneous-Offense Testimony**

In her first issue, Washington contends that the trial court abused its discretion when it allowed extraneous offenses to be admitted into evidence. More specifically, Washington complains that the extraneous-offense testimony was inadmissible because she did not receive sufficient *notice* of the extraneous conduct that the State intended to introduce.

"Rule 404(b) literally conditions admissibility of other-crimes evidence on the State's compliance with the notice provisions of Rule 404(b)." *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b).

The purpose of Rule 404(b)'s notice requirement is to prevent surprise to the defendant and apprise him of the offenses the State plans to introduce at trial. *See Hernandez*, 176 S.W.3d at 823-24; *Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001). The rule requires "reasonable" notice. *Hayden*, 66 S.W.3d at 272. A trial court's Rule 404(b) ruling is reviewed under an abuse-of-discretion standard. *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004).

In this case, the indictment alleges in each of the four counts of tampering with a

governmental record that Washington

> did then and there, with intent to harm or defraud another, namely, the Texas Department of Family and Protective Services, intentionally or knowingly present a document, to-wit: a case report stating that she had conducted a face-to-face home visit at the residence of [K.B., D. and S.H., J. and L.B., and B.C., respectively], with knowledge of its falsity and with intent that it be taken as a genuine governmental record.

On February 14, 2013, Washington filed a request that the State give reasonable notice in advance of trial of its intent to introduce evidence of other crimes, wrongs or acts other than those arising in the same transaction of which she stands charged. Accordingly, on February 26, 2013, the State filed its notice of intent to introduce extraneous unadjudicated offenses and convictions in its case in chief, rebuttal and/or punishment. The notice stated in pertinent part:

> ….
> 4. During her employment between January 25, 2011 and April 27, 2011, the defendant made false entries in travel logs claiming she made multiple trips to the home of [J. and L.B.] when she had not done so.
> 5. During her employment between January 25, 2011 and April 27, 2011, the defendant made false entries in travel logs claiming she made multiple trips to the home of [J. and L.B.] when she had not done so.

Washington's trial began on March 18, 2013. Department of Family and Protective Services (DFPS) Supervisor Katie Gerber testified that she manages Family Based Safety Services (FBSS), a program that works with families on a voluntary basis to provide the services and resources that they need to help them overcome the issues for which DFPS has gotten involved in their lives. These services and resources include making regular visits to their homes; providing them with parenting classes, counseling, or drug treatment; and connecting them to resources in their community.

Gerber was Washington's supervisor.

Gerber testified that sometime in 2010 she began to notice irregularities in Washington's case reports, which are governmental records. At some point, Gerber began to contact some of the families that Washington was working with. After contacting the families, Gerber came to the conclusion that the Case Narratives that Washington had written were not an accurate reflection of the interaction that Washington had had with the families. Washington had entered contacts into the Case Narratives that the families indicated had not happened.

At that point, the trial court held two similar hearings outside the presence of the jury to discuss the admissibility of the extraneous offenses of Washington making false entries in travel logs. Gerber testified at the hearings that after contacting the families, she began to review Travel Vouchers that Washington had submitted and compared the mileage for which Washington had requested reimbursement to the contacts that Washington had reported in the narratives and to what the families had said had happened. Gerber focused on the J. and L.B. and B.C. cases. Gerber found Travel Vouchers where Washington had claimed to have traveled to and from home visits that, according to the families, had not occurred. Gerber stated that this led her to believe that Washington was attempting to defraud DFPS.

Washington acknowledged at the hearings that she had received the State's notice of its intent to introduce extraneous unadjudicated offenses and convictions. At the first hearing, Washington's counsel stated, "We didn't received [sic] that Notice until February 26th; whether that's timely or not, is up to the Court." At the second

hearing, Washington then complained in part that although the notice mentioned false entries in travel logs with respect to J. and L.B., the notice never mentioned false entries in travel logs with respect to B.C. The State responded that this was a mere typographical error. The trial court ultimately overruled Washington's objections, and Gerber subsequently testified in the presence of the jury accordingly.

First, to the extent Washington complains generally about the sufficiency of the State's February 26, 2013 notice of intent to introduce extraneous offenses, and assuming without deciding that her complaint is preserved, we conclude that the trial court did not abuse its discretion in finding that the State's notice was reasonable. The State's notice was filed almost three weeks before trial, and Washington has provided no explanation why such notice would be unreasonable. In fact, during the second hearing, Washington's counsel stated that he was aware of what was in the State's notice and had gone over the notice with Washington "very specifically."

Second, we assume without deciding that the trial court abused its discretion in specifically finding that the State's notice was reasonable with respect to the extraneous offense of Washington making false entries in travel logs claiming she made multiple trips to the home of *B.C.* when she had not done so. Such error was nevertheless harmless.

Because the notice requirement of Rule 404(b) is a rule of evidence admissibility, the trial court's error of admitting extraneous offense evidence despite the State's failure to properly notify the defendant is subject to a Rule 44.2(b) harm analysis. *See Hernandez*, 176 S.W.3d at 824; *see also* TEX. R. APP. P. 44.2(b). Even so, the harm analysis

that a reviewing court is to conduct when the error is that the trial court erroneously admitted evidence despite the State's failure to comply with Rule 404(b)'s notice provisions is unique. *Hernandez*, 176 S.W.3d at 825. In *Hernandez*, the court clarified that rather than conduct "the usual harm analysis applied to the improper admission of evidence," a reviewing court's harm analysis begotten by the State's non-compliance with the notice requirements of 404(b) revolves around the question of whether a defendant was unable to prepare his defense in a particular case. *Id.* That is, we consider how the lack of notice harmed the defendant's ability to prepare a defense to the wrongfully admitted evidence and not whether the admitted evidence injured the jury's verdict. *Id.*; *Padilla v. State*, 254 S.W.3d 585, 593 (Tex. App.—Eastland 2008, pet. ref'd).

Here, Washington received reasonable notice that the State intended to introduce extraneous-offense evidence of Washington making false entries in travel logs claiming she made multiple trips to the home of *J. and L.B.* when she had not done so. Washington was thus presumably prepared to defend against such extraneous-offense evidence. The extraneous-offense evidence of which Washington did not receive reasonable notice of the State's intention to introduce was merely Washington's making false entries in travel logs claiming that she had made multiple trips to the home of another of the families when she had not done so. We cannot see how her defensive strategy might have been different had the State given her reasonable notice of its intention to introduce the extraneous-offense evidence about the false entries in travel logs with respect to the second family. *See Hernandez*, 176 S.W.3d at 826. Furthermore,

Washington did not move for a continuance so that she might better defend against the evidence. *See Webb v. State*, 36 S.W.3d 164, 183 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (en banc). We therefore conclude that, assuming the trial court erred, the error was harmless. We overrule Washington's first issue.

## Improper Closing Argument

In her second issue, Washington contends that the State made an improper closing argument that insinuated that "reckless intent" was a proper requisite mental state for committing the offense of tampering with a governmental record. To preserve a complaint about improper jury argument for review, a defendant must show she objected to the argument at trial and pursued her objection to an adverse ruling. *See* TEX. R. APP. P. 33.1(a); *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). Washington did not make the foregoing complaint about the State's closing argument to the trial court; therefore, she has failed to preserve her complaint for review. We overrule Washington's second issue.

Having overruled both of Washington's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 17, 2014
Do not publish
[CR25]