

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00424-CR

**THOMAS HENRY SINCLAIR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 33805-CR**

## MEMORANDUM OPINION

The jury convicted Thomas Henry Sinclair of the offense of assault and assessed his punishment at one year confinement in the county jail and a $4,000 fine. On April 24, 2014, this Court issued an opinion affirming Sinclair's conviction. Sinclair filed a petition for discretionary review with the Court of Criminal Appeals. The Court of Criminal Appeals vacated the April 24 judgment of this Court and remanded the cause. We affirm.

## Background Facts

Sinclair operates Wispers nightclub, and Fernando Ramirez was a patron at the nightclub. Ramirez paid for private dances at the nightclub, and he went with a dancer to the VIP room. The dancer testified that Ramirez requested her to perform sex acts, which she refused, and she left the VIP room. Ramirez went to Sinclair requesting a refund, but Sinclair refused to give the refund.

Sinclair testified that Ramirez took a swing at him and threw things at him. Sinclair struck Ramirez with a sjambok, a type of whip. Jeff Ballew, the DJ at Wispers, then came and yanked Ramirez by the collar backwards to the ground. Some patrons of the nightclub dragged Ramirez out of the nightclub and into the parking lot by his feet. Ramirez was taken to a local hospital where he was pronounced dead. The medical examiner testified that Ramirez died from blunt force head injuries. Ramirez had an "abrasive contusion" on the back of his head consistent with his head hitting a hard, rough surface.

## Extraneous Offense

In the third issue on appeal, Sinclair complained that the trial court erred in admitting evidence of an extraneous offense because the State failed to provide reasonable notice of the extraneous offense. Sinclair complains that the trial court erred in admitting the testimony of Jeff Ballew that Sinclair had used the sjambok on another patron of the nightclub on a previous occasion. Ballew stated that Sinclair struck the man with the sjambok and that Ballew intervened and broke up the altercation.

In our April 24 opinion, we found that the trial court did not abuse its discretion in admitting evidence of the extraneous offense. Sinclair argued in his petition for discretionary review that we provided no analysis and cited no authority in overruling the issue. The Court of Criminal Appeals remanded for this Court to reconsider that particular issue.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will affirm the decision of the trial court if there is any valid ground upon which the decision could have been made. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Rule 404(b) of the Texas Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Sinclair argues that the State's notice of the extraneous offense was untimely. Sinclair filed a request for notice of extraneous offenses on November 16, 2009, and the trial court granted the request on January 14, 2010. At a pretrial hearing on September 2, 2011, the State indicated that they did not intend to offer any extraneous offenses or

bad acts at trial. On October 17, 2011, the first day of voir dire, the State filed written notice of intent to introduce evidence of extraneous offenses and acts. The notice stated that the State intended to introduce evidence that Sinclair "has, on occasions other than the charged offense, assaulted people with a whip at the Wispers Cabaret in Navarro County Texas."

Prior to Ballew's testimony on October 21, 2011, the trial court held a hearing outside the presence of the jury. Sinclair argued that the evidence was untimely and highly prejudicial. The State indicated that Ballew had informed them of the act on the morning of voir dire and that they provided notice at that time.

To preserve error regarding the State's failure to provide reasonable notice of its intent to use extraneous offense evidence, the defendant must request a continuance to mitigate the effects of surprise. *See Martines v. State*, 371 S.W.3d 232, 249 (Tex.App.-Houston [1 Dist.] 2011, no pet.); *Martin v. State*, 176 S.W.3d 887, 900 (Tex.App.-Fort Worth 2005, no pet.). Sinclair did not request a continuance to allow additional time to investigate the allegations or prepare a defense. Sinclair failed to preserve his complaint for appellate review that the State did not provide reasonable notice of the extraneous offense. *See Martines v. State*, 371 S.W.3d at 249.

Moreover, the admission of extraneous offense evidence without proper notice is non-constitutional error subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX.R.APP.P. 44.2(b); *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). We disregard any error that does not affect appellant's substantial rights. TEX.R.APP.P. 44.2(b). The purpose of the Rule 404 (b) notice

requirement serves to prevent surprise to the defendant and to apprise him of the offenses the State plans to introduce at trial. *See Hernandez v. State*, 176 S.W.3d at 825. Therefore, we consider the purpose of preventing surprise in conducting the Rule 44.2 (b) harm analysis. *Id*.

Ballew's testimony was admitted several days after the State provided written notice of intent to introduce evidence of extraneous offenses and acts. Sinclair was aware of the incident Ballew described. Sinclair testified in detail about the incident at trial and denied striking the previous patron with the sjambok. Sinclair testified that there was a dispute with the patron, and he gave him a "warning sign" with the sjambok. Sinclair further produced two photographs from the security camera showing a picture of the patron involved in the incident. We do not find that Sinclair was harmed by any error in admitting the extraneous offense evidence without proper notice. We overrule the issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
Do not publish
[CR 25]

