# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00381-CR

**Anthony Boyd Robertson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-12-0972, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Boyd Robertson was convicted of family-violence assault, repeat offense. *See* Tex. Penal Code § 22.01(b). In five issues, he complains about the trial court's admission of evidence and alleged prosecutorial misconduct. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. Having reviewed the record and concluded that appellant has failed to demonstrate any reversible error as discussed herein, we will affirm the trial court's judgment of conviction.

### *Hearsay*

In his first issue, appellant complains about the trial court's admission of hearsay testimony from four witnesses: Austin Police Department (APD) Officers Russell Rose and Jason Castillo; Florence Briceno, the complainant's friend; and APD Victim Services Counselor

Stephanie Burgess. Over appellant's objection, the testimony of Officer Rose, Officer Castillo, and Briceno relating what the complainant, appellant's then-girlfriend, had told them was admitted by the trial court under the excited-utterance exception to the hearsay rule. *See* Tex. R. Evid. 803(2) (statement relating to startling event or condition made while declarant was under stress of excitement caused by event or condition is not excluded by hearsay rule); *see also Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005) (exception is based on assumption that declarant is not, at time of statement, capable of reflection that would enable her to fabricate information). The trial court admitted Burgess's testimony over appellant's objection with an instruction limiting its purpose.

To determine whether a statement is an excited utterance, trial courts should determine "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition" when the statement is made. *Apolinar*, 155 S.W.3d at 186 (quoting *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003)). Factors that the trial court may consider include the length of time between the occurrence and the statement, the nature of the declarant, whether the statement is made in response to a question, and whether the statement is self-serving. *Id.* No factor alone is dispositive. *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995), *overruled on other grounds, Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998).

Officer Rose was the first official to arrive at Briceno's house upon receiving a call relating that a woman had been assaulted but was no longer at the assault location or in the presence of the perpetrator. He testified that when he arrived at Briceno's house, "it was fairly obvious that [the complainant] had been involved in some type of disturbance" and that she was "being consoled"

2

by Briceno and had "obvious injuries." He indicated that the complainant's injuries included bleeding knees and swelling and abrasions on the left side of her face and forehead and that she was holding an ice pack to her face and head. Officer Rose testified that as he spoke to the complainant, she was "going back and forth, emotionwise" and crying intermittently and that it took between a few seconds to a minute throughout the interview to "calm her down" enough so that she could explain what had happened. He further testified that the complainant appeared to still be under the stress and excitement of what had just happened and that she was still in pain. After this predicate was laid, *see Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (proponent of evidence bears burden of establishing predicate for admission of hearsay statement), Officer Rose testified about what the complainant told him: after the couple had a heated argument about a text message, appellant grabbed the complainant, dragged her to the ground by her hair, and punched her in the face and head.[1]

In light of Officer Rose's predicate testimony about the complainant's injuries, pain, stress, and emotional state, as well as the relatively short period of time between the alleged assault and the complainant's statement to him (the statement occurred within two or three hours of the

---

[1] The complainant provided a different account at trial: she got angry about a text message regarding another woman and confronted appellant about it, tripped and hurt her knees, and then slapped and pushed appellant. She further testified that the physical altercation progressed when appellant pushed and shoved her in return and that they both fell to the ground and "scuffled" and that she did not recall being punched in the face. She explained the discrepancy in her accounts by indicating that her previous accounts were intended to "ma[ke her]self out to be the better person." She also signed an Affidavit of Non-Prosecution a few months before appellant's trial seeking to drop the charges and indicating that she had been in communication with appellant via letters and that, although she was not changing her original allegation, she simply did not feel that his actions warranted a felony conviction.

assault), we cannot conclude that the trial court's admission of the complainant's hearsay as an excited utterance was an abuse of discretion. *See Zuliani*, 97 S.W.3d at 595 (trial court does not abuse its discretion in admitting hearsay under exception unless decision is so clearly wrong as to lie outside zone within which reasonable persons might disagree). We overrule appellant's first issue as to Officer Rose's testimony.

The State laid the following predicate for admission of the complainant's statements to Briceno as an excited utterance: Briceno testified that she did not recognize the complainant (even though she was her "best friend") when she arrived at her house due to the blood coming down her legs, the fact that she had been crying, and the swelling and "whelping" of her face. Briceno further testified that the complainant was shaking and crying and that she looked "horrible" and did not have the "physical appearance" of her friend. Briceno said that the complainant was "devastated" and crying so hard that it was difficult for Briceno to understand her words. The complainant's statements to Briceno occurred even closer in time to the alleged assault than those she made to Officer Rose. This predicate supports the reasonable conclusion that the complainant was still dominated by the emotions, excitement, fear, or pain of the alleged assault when she made her statements to Briceno. *See Apolinar*, 155 S.W.3d at 186. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the complainant's hearsay statements to Briceno under the excited-utterance exception. We overrule appellant's first issue as to Briceno's testimony.

Appellant complains of the following hearsay testimony of Officer Castillo, who spoke with the complainant the afternoon after the alleged assault while on "civil standby" to supervise the removal of her belongings from the residence that she shared with appellant: "the gist

4

of [what the complainant told me] was they had been out with friends, argued and that [appellant] assaulted her" and that the complainant had not initiated any physical violence with appellant. Before Officer Castillo testified such, he indicated that the complainant seemed to him to be "having a hard time" from the event the prior night and that she was "emotional," "choked up," and still under the stress of the event. He also testified that her face was badly bruised, including a very "obvious" black eye.[2]

The predicate to Officer Castillo's testimony about the complainant's emotional state and visible injuries supports an excited-utterance ruling, while the relatively long period of time that ensued between the alleged assault and the complainant's statements weigh against the conclusion that her statements "resulted from impulse rather than reason and reflection." *See Zuliani*, 97 S.W.3d at 595 (excited utterance "represents an event speaking through the person rather than the person speaking about the event"). Because of the tension between these two factors, we cannot conclude that the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.* However, even if the trial court erred in admitting Officer Castillo's statements about what the complainant told him—which amounted to nothing more than that the appellant "assaulted her" and that she did not initiate the violence—those same facts were proven by other admissible evidence, rendering the error harmless. *See Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991). Accordingly, we overrule appellant's first issue as to Officer Castillo's testimony.

---

[2] After the objected-to hearsay statement, Officer Castillo explained that the complainant's injuries were "very significant" and in the "top five" of all the family-violence injuries he had seen in his years of service.

5

APD Victim Services Counselor Burgess testified about what the complainant told her about appellant's prior abuse, not as to what the complainant told her about the events on the night in question. Appellant objected on the basis of hearsay, which the trial court overruled (while allowing a running objection). The trial court also issued a limiting instruction about the purpose of the testimony, admonishing the jury that Burgess's testimony about what the complainant told her about appellant's prior abuse could be used for two purposes only: to show appellant's intent and to rebut his self-defense theory. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *see also* Tex. R. Evid. 404(b). By definition, then, Burgess's testimony about what the complainant told her was not hearsay because it was offered for a purpose *other than* the truth of the matter asserted. *Cf.* Tex. R. Evid. 801(d) (hearsay is statement, other than one made by declarant while testifying at trial, offered in evidence to prove truth of matter asserted). Accordingly, the trial court did not abuse its discretion in admitting Burgess's testimony over appellant's hearsay objection, and we overrule appellant's first issue in its entirety.

*Prosecutorial misconduct*

In his second issue, appellant contends that the State committed prosecutorial misconduct by "withholding material facts when establishing the predicate for the complainant's excited utterances" and thereby misleading the court when it presented Briceno's testimony at the conclusion of its case rather than in the appropriate chronological sequence by which the complainant made her statements to the various witnesses on the evening in question. Essentially, appellant argues that because the complainant first spoke to Briceno, the State presented a "false picture" to the court by reserving the facts surrounding those first statements until after the court had

6

already ruled on the admissibility of the complainant's later-in-time hearsay statements to other witnesses. The State responds that appellant failed to preserve this issue for review by not objecting at trial. *See Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011); *see also* Tex. R. App. P. 33.1. We agree with the State.

Prosecutorial misconduct is an independent basis for objection that must be specifically urged to preserve error. *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (proper method of preserving error in cases of prosecutorial misconduct is to object on specific grounds, request instruction that jury disregard conduct, and move for mistrial). Appellant did not object at trial to the allegations of prosecutorial misconduct that he now makes on appeal. He has, therefore, failed to preserve the error for appellate review, and we accordingly overrule his second issue. *See Banda v. State*, 890 S.W.2d 42, 61 (Tex. Crim. App. 1994) (failure to object at trial to actions of prosecutor that allegedly violated due-process rights does not preserve error for appeal).

***Opinion testimony***

In his third and fourth issues, appellant complains that the trial court erred in admitting testimony of Officers Rose and Castillo offering opinions about the truthfulness of other witnesses, which generally is inadmissible. *See Sandoval v. State*, 409 S.W.3d 259, 292 (Tex. App.—Austin 2013, no pet.). He complains about the following question that the State asked of Officer Rose: "Did you—from [the complainant's] demeanor and everything that you saw about her, did you have any indication that she was being, you know, anything other than truthful with you?"

Officer Rose answered, "No." Appellant objected after Officer Rose had answered the question, and the trial court overruled the objection.

Appellant failed to preserve error on the issue of Officer Rose's testimony because he did not object until after the objectionable question had been asked and answered, and he has demonstrated no legitimate reason to justify the delay in objecting. *See Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *Sandoval*, 409 S.W.3d at 306. Moreover, even if we were to assume that appellant's objection had been timely, we could not conclude on this record that appellant was harmed. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (we may not reverse for non-constitutional error if we have fair assurance that error did not have substantial and injurious effect or influence in determining jury's verdict); *see also* Tex. R. App. P. 44.2(b) (any error that does not affect substantial rights must be disregarded). There was strong evidence of appellant's guilt (in an interview with law enforcement, even appellant admitted to hitting complainant "like a man"), the complainant's injuries were significant (and arguably inconsistent with appellant's theory of self-defense), appellant thoroughly cross-examined Officer Rose to include a concession that he was not a "human lie detector," the State did not highlight or revisit Officer Rose's testimony, and the objected-to testimony was self-evident (had the investigating officers not believed the complainant, there would likely have been no case for the jury to decide). We overrule appellant's third issue.

In his fourth issue, appellant complains about the trial court's admission over his objection of Officer Castillo's testimony opining that, in his "experience in dealing with these types of cases," it is common for defendants, as they get closer to trial, to "come up with a good cover

story or a good new story . . . that [the investigators] have never heard before as [they] were investigating." Specifically, appellant argues that Officer Castillo was opining on the credibility of criminal defendants as a class, which is improper. *See Hitt v. State*, 53 S.W.3d 697, 707 (Tex. App.—Austin 2001, pet. ref'd) (witness may not directly testify that class of persons to which particular witness belongs is truthful).

Officer Castillo's testimony, as phrased, is more properly characterized as an opinion about criminal investigations based on his experience and knowledge as an investigator rather than a direct opinion about the credibility of criminal defendants as a class; such lay opinions are generally admissible. *See Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) (observations that do not require significant expertise to interpret and that are not based on scientific theory can be admitted as lay opinions if witness's personal knowledge and experience establishes he is capable of expressing opinion on subject outside realm of common knowledge). Accordingly, we conclude that the trial court's ruling on the admissibility of this evidence was within the zone of reasonable disagreement. *See McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). However, even if the evidence were inadmissible opinion testimony, we would conclude that appellant's substantial rights were not affected by the admission of the testimony based on the record of appellant's trial as a whole. *See* Tex. R. App. P. 44.2(b). We overrule appellant's fourth issue.

***State's notice of intent to introduce evidence of extraneous offenses***

In his fifth issue, appellant argues that the trial court erred in admitting evidence of his prior violent acts against a previous girlfriend, Sabrina DeJesus, because the State failed to provide him with timely and specific notice, per his request, of its intent to introduce the evidence.

9

*See Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (Rule 404(b) conditions admissibility of other-wrongdoings evidence on State's compliance with notice provision of same rule, and it is error to admit such evidence when State has not so complied); *see also* Tex. R. Evid. 404(b). While the State did provide appellant with notice of its intent to introduce evidence of his prior family-violence convictions, appellant argues that the State was required to inform him that it would be introducing the underlying details of one specific conviction through DeJesus. The State responds that appellant failed to object to the lack of notice and, therefore, waived this issue on appeal. *See Pena*, 353 S.W.3d at 807; *see also* Tex. R. App. P. 33.1.

The reporter's record indicates that the trial court, State, and appellant discussed the admissibility of the DeJesus testimony in a bench conference before she testified. On its own initiative, the State raised the issue of admissibility under Rule 404 from a probative and relevancy standpoint, without mentioning notice. *See* Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts is not admissible to prove character of person to show action in conformity therewith but is admissible for other purposes including motive and intent). Appellant made no argument or objection on any Rule 404 grounds, and the only references to notice appeared in a sidebar argument between the prosecution and defense counsel later in the bench conference as the State was making an offer of proof:

> State: I think that we've given sufficient notice to [defense counsel] previously, and she certainly—
>
> Defense: I would—as to the notice, I got notice of the conviction, but not any other assaultive details or—you know, I got notice of the conviction, that's it.

10

Beyond this reference to notice, appellant did not actually object on that ground, and the *only* objection he made prior to DeJesus's testimony was a non-specific Rule 403 objection:

> Court: From the Defense, just as a general comment, if any?
>
> Defense: No. 403 objection—I think that since self-defense has been raised or is going to, they're entitled to get into some things. I'm not sure about—I would steer away—I would prefer to steer away from the controlling, manipulative behavior, but the conviction is fair game.

*See* Tex. R. Evid. 403 (although relevant, evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading jury or by considerations of undue delay or needless presentation of cumulative evidence).

At the conclusion of the bench conference, the trial court noted that it "has not made a ruling on any of the objections at this point," and DeJesus then testified without further objection by appellant or any rulings by the trial court. Appellant did not cross-examine DeJesus or raise the issues of unfair surprise and prejudice that he now asserts on appeal. We agree with the State that appellant failed to preserve error on the issue of whether the State provided sufficient notice about its intent to introduce evidence of extraneous offenses. *See Pena*, 353 S.W.3d at 797 (appellant must make timely, specific objection and obtain adverse ruling to preserve issue). Accordingly, we overrule appellant's fifth issue.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment of conviction.

11

_____
Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   July 23, 2015

Do Not Publish