

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00183-CR

**JAMES ROBERT FREEMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1417-C1**

## MEMORANDUM OPINION

In four issues, appellant, James Robert Freeman, challenges his convictions for aggravated sexual assault of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(2), (f) (West 2011). We affirm.

### I. BACKGROUND

Freeman was charged by indictment with nine counts of aggravated sexual assault of his daughter, a child "younger than 17 years of age." *See id.* § 22.011(c)(1).

The State later amended the indictment to reduce the counts from nine to six. The case proceeded to trial.

Among the witnesses called by the State was the child victim, M.R. In her testimony, M.R. recounted numerous instances where Freeman forced her to have oral and vaginal intercourse. M.R. noted that Freeman told her on numerous occasions that she looked like her mother and that she had the body of an adult female, even though she was only a teenager. M.R. also testified that Freeman frequently gave her alcoholic drinks prior to having sex with her and that he told her that he loved her and wanted to marry her. M.R. recalled that Freeman gave her a "Wal-Mart ring" that served as an engagement ring. Freeman requested that M.R. sleep in his room most nights. According to M.R., "[h]e [Freeman] had said several times that he had wanted to get married, have children, and he kept saying, "You do know that in some states incest is legal. Right? It's okay. It's okay." Freeman also tried to convince M.R. that he was not her father because his name was not on her birth certificate. Furthermore, Freeman regularly introduced M.R. to his classmates as his twenty-one-year-old girlfriend, though she was sixteen years old at the time.[1]

Later, M.R. testified over objection that Freeman showed her a pornographic video entitled, "Krissy and Daddy," on his laptop computer. M.R. noted that "it was a video of an older man, I would guess 40 is what he looked like, and a young lady, I would guess 19, having sex." M.R. believed that Freeman showed her this video to

---

[1] The record reflects that, at the time of the incidents, Freeman was taking culinary classes at Texas State Technical College.

convince her that there was nothing wrong with their incestuous sexual relationship. It is the introduction of this testimony pertaining to the pornographic video that serves as the basis for Freeman's complaints on appeal.

At the conclusion of the evidence, the jury found Freeman guilty on all six counts and sentenced him to twenty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine for each count. The trial court ordered that the sentences run consecutively. This appeal followed.

## II.    STANDARD OF REVIEW

We review the trial court's admission of evidence for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A trial court's ruling on the admissibility of an extraneous offense is generally within this zone if the evidence shows that: (1) an extraneous transaction is relevant to a material, non-propensity issue; and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344. We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

### III. SAME-TRANSACTION CONTEXTUAL EVIDENCE

In his first three issues, Freeman contends that the trial court erred in admitting evidence of the incident involving the pornographic movie and failing to issue a limiting instruction regarding the evidence. The State counters that rule 404(b) does not apply and, thus, a limiting instruction is not required because the evidence is same-transaction contextual evidence.

### A. Applicable Law

Texas Rule of Evidence 404(a) generally prohibits the admission of character evidence for the purpose of proving an action in conformity therewith. TEX. R. EVID. 404(a). Rule 404(b) extends that protection to "other crimes, wrongs or acts" with a few exceptions: "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* at R. 404(b).

However, evidence of "other crimes, wrongs or acts," also called extraneous offenses, may be admissible as same-transaction contextual evidence when "'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" *Prible*, 175 S.W.3d at 731-32 (quoting *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case difficult to understand or incomplete. *Id.* at 732; *see Worthy v. State*, 312 S.W.3d 34, 40 (Tex. Crim. App. 2010) (noting that the complained-of evidence "was not absolutely necessary to the jury's understanding of the charged offense" but affirming the admission of the evidence as

same-transaction contextual evidence).  Same-transaction contextual evidence is "admissible to show the context in which the criminal act occurred."  *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).  "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence."  *Id.*

With regard to limiting instructions, Texas Rule of Evidence 105(a) provides that when "evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."  TEX. R. EVID. 105(a); *see Hammock v. State*, 46 S.W.3d 889, 892 (Tex. Crim. App. 2001).  "The language of Rule 105(a) requires, upon proper request, a limiting instruction to be given at the time the evidence is admitted."  *Hammock*, 46 S.W.3d at 894; *see Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996) (op. on orig. submission).  However, the Texas Court of Criminal Appeals has held that "a limiting instruction is not required when evidence is admitted as same-transaction contextual evidence."  *Devoe v. State*, 354 S.W.3d 457, 471 (Tex. Crim. App. 2011) (citing *Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002); *Wesbrook*, 29 S.W.3d at 114-15).  Thus, in determining whether the trial court erred in failing to issue a limiting instruction, we must focus our analysis on whether the complained-of evidence constituted same-transaction contextual evidence, as the State argues.

**B.      Discussion**

Here, the record reflects that the trial court denied Freeman's request for a limiting instruction because the complained-of evidence was considered to be same-transaction contextual evidence.  As stated earlier, M.R. testified that Freeman showed her the pornographic video entitled, "Krissy and Daddy," as part of his ongoing effort to convince her that their incestuous sexual relationship was acceptable.  M.R. recounted that Freeman told her that he was not her father; that he bought her an engagement ring and told her he wanted to marry her; and that he told his classmates that M.R. was his twenty-one-year-old girlfriend.  In addition, Freeman told M.R. that incest was acceptable in some states, and M.R. stated that Freeman frequently gave her alcohol before he sexually assaulted her.  All of this evidence demonstrates the efforts Freeman made to try to convince M.R. that their sexual relationship was acceptable and that she should continue with the relationship.  And in his attempt to convince M.R. that the relationship was acceptable, a rational juror could also infer that these efforts were designed to also prevent M.R. from making an outcry.

In any event, we believe that the complained-of evidence provided pertinent background information that assisted the jury in understanding the underlying sexual assaults.  *See Wesbrook*, 29 S.W.3d at 115 ("This evidence is considered 'res gestae,' under the reasoning that events do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence.").  The showing of the pornographic video was intertwined with Freeman's efforts to make M.R. comfortable with the actual

sexual acts perpetrated. *See Prible*, 175 S.W.3d at 731-32; *see also Worthy*, 312 S.W.3d at 40; *McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2010) ("That is, [same-transaction contextual evidence] is admissible when several offenses are 'so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating the one, it is impracticable to avoid describing the other.'" (quoting *Rogers*, 853 S.W.2d at 33-34)). As such, we agree with the trial court's assertion that evidence of the pornographic video constituted same-transaction contextual evidence. *See Worthy*, 312 S.W.3d at 40; *Prible*, 175 S.W.3d at 731-32; *Wesbrook*, 29 S.W.3d at 115. Moreover, we cannot say that the trial court abused its discretion in admitting the complained-of evidence. *See De La Paz*, 279 S.W.3d at 343; *Billodeau*, 277 S.W.3d at 39; *see also Prible*, 175 S.W.3d at 731.

Furthermore, because we have concluded that the complained-of evidence constitutes same-transaction contextual evidence, we cannot say that the trial court was obligated to issue a limiting instruction as to the pornographic video. *See Devoe*, 354 S.W.3d at 471; *Castaldo*, 78 S.W.3d at 352; *Wesbrook*, 29 S.W.3d at 114-15. And to the extent that Freeman complains about notice, we note that the Texas Court of Criminal Appeals has held that a failure to comply with the notice provisions of rule 404(b) requires exclusion of the evidence. *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). However, because we have concluded that the complained-of evidence constitutes "same-transaction contextual evidence," the notice provisions of rule 404(b) and Texas Code of Criminal Procedure articles 37.07, section 3(g) and 38.37, section 3 do not apply in this case. *See Worthy*, 312 S.W.3d at 39 (holding that rule 404(b) and article

37.07, section 3(g) do not apply to "same-transaction contextual evidence" that is intrinsic to the offense). Therefore, based on the foregoing, we overrule Freeman's first three issues.

## IV.    JURY-CHARGE INSTRUCTIONS

In his fourth issue, Freeman argues that the charge should have included an instruction limiting the usage of the evidence pertaining to the pornographic video. First, we must note that the language in the charge limited the jury's usage of the complained-of evidence for purposes of determining Freeman's state of mind and the previous and subsequent relationship between M.R. and Freeman. Second, because we have concluded that the complained-of evidence constituted same-transaction contextual evidence, the trial court was not obligated to issue a limiting instruction as to the pornographic video. *See Devoe*, 354 S.W.3d at 471; *Castaldo*, 78 S.W.3d at 352; *Wesbrook*, 29 S.W.3d at 114-15. This evidence was properly received as general evidence. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) (stating that after evidence has been admitted without a limiting instruction under rule 105, it becomes a part of the general evidence in the case and may be used for all purposes). Accordingly, we overrule Freeman's fourth issue.

## V.    CONCLUSION

Having overruled all of Freeman's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
         Justice Davis, and
         Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment. A separate opinion will not issue. I note, however, that I agree with the defendant that the testimony regarding the exhibition of the pornographic video to the minor was an extraneous offense or bad act for which the defendant was entitled to notice and an instruction regarding how the jury could "use" that evidence. The State's presentation of their case could have been presented without any discussion of the video. This is not to say that this evidence was not relevant. I simply believe it was not same-transaction contextual evidence because its viewing was not incorporated with any of the specific instances of sexual assault. Thus, it is unlike the other extraneous offense of providing alcohol to a minor which was used as a means to facilitate specific instances of sexual assault. Nevertheless, I conclude that the error was harmless and thus would reach the same judgment as the Court.)