**Affirmed as Modified and Memorandum Opinion filed September 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00590-CR

---

### MAX DAVID VOLTMANN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court 4
### Tarrant County, Texas
### Trial Court Cause No. 1223256D

---

## M E M O R A N D U M   O P I N I O N

Appellant Max David Voltmann appeals his conviction for third-degree felony driving while intoxicated (DWI) with a deadly weapon finding. *See* Tex. Penal Code Ann. § § 49.04, 49.09(b)(1) (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West 2006). In his first issue on appeal, appellant contends the trial court erred when it admitted over his objection evidence of an allegedly extraneous offense that he possessed marijuana when he was arrested. In his

second issue, appellant asserts the evidence is legally insufficient to support the deadly weapon finding. While we conclude any error in admitting evidence of marijuana possession was harmless, we agree with appellant that the evidence is legally insufficient to support the deadly weapon finding. Therefore, we modify the final judgment to delete the deadly weapon finding and affirm the judgment as reformed.

## BACKGROUND

Early on the morning of December 10, 2011, Elaine Smith was in bed at her home when she heard a crash outside. When Smith went to the window, she saw a wrecked car in the street. Smith grabbed her phone and called 9-1-1 while running downstairs to render aid to anyone who might be injured. When Smith came out of her home, appellant was already standing outside of his wrecked car talking to his wife on the phone. Appellant told Smith that he was coming from a bar and had crashed because he became distracted by messing with his radio while driving. Smith was surprised that the wreck, which she said involved three parked cars as well as appellant's moving car, had not caused any injuries. Smith also testified that there were no other people present in any of the cars involved in the crash and that no other people were present at the crash scene when she came outside.

Fort Worth Police Officer Chris McAnulty was the first officer on the scene. When he arrived, McAnulty saw appellant's car stopped in the middle of the street. He also observed that four parked cars appeared to have been struck as a result of the collision. McAnulty testified that appellant's car had sideswiped one car, then continued down the street where it struck a second car, causing a chain reaction as the second car struck a third car, which in turn struck a fourth car. According to McAnulty, appellant's car had come to a stop in the middle of the road after striking the second car. Appellant told McAnulty that he lost control of his car,

2

causing the wreck. McAnulty testified that he noticed appellant's eyes were watery and bloodshot, he slurred his speech when he spoke, and his breath smelled of alcohol. McAnulty also testified that once he was on the scene, he observed only appellant, a witness, and possibly one or two other people. He also testified that more people came out of the nearby apartments after the police had arrived at the scene.

Fort Worth Police Officer Rudolfo Cantu was the next officer on the scene. Cantu testified that when he arrived, he observed that several cars had been struck. Cantu also observed appellant standing by one of the cars, which had been seriously damaged. Cantu testified he was surprised that appellant was not injured because the crash looked like it could have caused serious bodily injury or death. Cantu observed that four parked cars had been hit. Cantu testified that no one was in the cars that had been struck.

Cantu took over dealing with appellant while McAnulty handled the scene. Appellant explained to Cantu that he had crashed his car when he reached down to tune the radio. Cantu noticed the smell of alcohol on appellant's breath and that his speech was slurred. Cantu also observed that appellant had bloodshot and watery eyes, swayed while standing, and was unsteady on his feet. Appellant also told Cantu that he had consumed beer that night. Believing appellant was intoxicated, Cantu administered a series of field sobriety tests, which appellant failed. Cantu testified that he thought appellant was intoxicated and that his intoxication caused the wreck. Cantu then placed appellant under arrest for DWI.

After he had been arrested, appellant told the police that he had marijuana in his back pocket. The police then searched appellant's back pocket and found a small container of marijuana. Appellant was subsequently transported to a hospital for a statutorily mandated blood draw. The results of appellant's blood tests

3

revealed a blood alcohol concentration of 0.20 grams per 100 milliliters of blood and a concentration of 0.019 milligrams per liter of tetrahydrocannabinol (the active component of marijuana). Appellant does not challenge the warrantless blood draw on appeal.

During appellant's trial, the State sought to admit the marijuana, as well as the video of the arrest showing the discovery of the marijuana, into evidence. Appellant objected that the State had not provided notice of the intent to offer evidence of an extraneous offense, possession of marijuana, in violation of Rule 404(b) of the Texas Rules of Evidence. Appellant lodged no other objections to the admissibility of the marijuana evidence. The trial court overruled appellant's objection but did give a limiting instruction, both during the trial as well as in the written jury charge. The jury charge instructed the jury to disregard evidence of extraneous offenses for all purposes, unless they found beyond a reasonable doubt that appellant committed the extraneous offense, and then to "only consider the same in determining the proof of motive, intent, preparation, or plan, or the state of mind of [appellant]."

The jury found appellant guilty, made an affirmative deadly weapon finding, and assessed his punishment at eight years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice and a fine of $2,000.00.[1] This appeal followed.

## ANALYSIS

In his first issue, appellant contends the trial court erred when it admitted evidence that he possessed marijuana at the time Officer Cantu arrested him.

---

[1] A deadly weapon finding has a negative impact on a defendant's eligibility for community supervision, parole, and mandatory supervision. *Sierra v. State*, 280 S.W.3d 250, 254 (Tex. Crim. App. 2009).

4

According to appellant, the admission of this evidence violated the notice provision of Rule 404(b) of the Texas Rules of Evidence. In his second issue, appellant asserts the evidence is legally insufficient to support the jury's deadly weapon finding. We address each issue in turn.

## I. Appellant was not harmed by the admission of evidence that he possessed marijuana at the time he was arrested for DWI.

Evidence of "other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Tex. R. Evid. 404(b). It may be admissible for other purposes "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction." *Id.* Rule 404(b) conditions the admissibility of other-crimes evidence on the State's compliance with the notice provisions of Rule 404(b). *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005).

In this case, appellant requested notice of the State's intent to introduce evidence of extraneous offenses, and it is undisputed the State did not provide notice of its intent to introduce the marijuana evidence. Appellant's counsel admitted to the trial court that he was aware of the existence of the marijuana evidence, but he was not aware the State intended to introduce it during the trial. As already mentioned, appellant objected only on the basis of lack of notice under Rule 404(b).

We assume without deciding that the trial court erred by admitting the evidence and proceed directly to a harm analysis. Error in admitting evidence in violation of the notice provision of Rule 404(b) is nonconstitutional error. *Hernandez*, 176 S.W.3d at 825. Thus, we will not conclude the error was harmful unless the error had a substantial and injurious effect or influence in determining

5

the jury's verdict. *Id.* Because the purpose of the Rule 404(b) notice provision is to enable the defendant to meet the evidence of extraneous offenses, we consider whether the lack of notice surprised the defendant or adversely affected his ability to mount an effective defense. *Id.* at 825–26.

Here, appellant's counsel admitted he was aware of the marijuana evidence, protesting only that he was not aware the State planned to introduce it during appellant's trial. Appellant did not ask for a continuance of the trial, however, and did not point out—either in the trial court or in his appellate brief—how his trial strategy would have been different if he had been provided notice. We cannot conclude appellant was harmed by the lack of notice under Rule 404(b). *Hernandez*, 176 S.W.3d at 825–26. In addition, appellant made no other objection to the admissibility of the marijuana evidence. Accordingly, we overrule appellant's first issue on appeal.

## II. The evidence is legally insufficient to sustain the deadly weapon finding.

In his second issue, appellant asserts the evidence is legally insufficient to support the jury's deadly weapon finding because there is no evidence in the record that anyone was endangered by appellant's driving while intoxicated.

### A. Standard of review

In a sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime or other matter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). The jury is the exclusive judge of the credibility of the witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to

resolve conflicts in the evidence fairly, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.* An appellate court may not re-evaluate the weight and credibility of the evidence produced at trial because doing so improperly substitutes the court's judgment for that of the fact finder. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

In a criminal case, sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villareal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

> **B.** **There is no evidence that appellant's car was driven in a manner that placed others in actual danger of death or serious bodily injury.**

Texas law authorizes a deadly weapon finding in a felony prosecution for DWI, third offense. *Dricas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). To support an affirmative deadly weapon finding, the evidence must prove that the defendant used or exhibited the deadly weapon during the commission of the felony or during immediate flight therefrom. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2). A deadly weapon is anything that in the manner of its actual or intended use is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 107(a)(17)(B) (West 2011). To hold the evidence legally sufficient to sustain a deadly weapon finding, the evidence must demonstrate that: (1) the object meets the statutory definition of a dangerous weapon; (2) the deadly weapon was used or exhibited during the transaction from which the felony conviction was

obtained; and (3) that other people were put in actual danger.[2] *Dricas*, 175 S.W.3d at 798. To satisfy the third element, there must be evidence that others were actually endangered, not merely a hypothetical potential for danger if others had been present. *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003).

Appellant contends there is no evidence in the record that his conduct placed other people in actual danger. We agree. The evidence was undisputed that, with the exception of appellant's car, the other cars involved in the accident were parked and unoccupied. The evidence was also undisputed that no one, including appellant, was injured during the accident. Finally, the evidence was undisputed that, with the exception of appellant, no one else was physically present at the scene of the accident when it occurred.

Because the undisputed evidence established that no one other than appellant was placed in danger of serious bodily injury, we hold the evidence is legally insufficient to support the jury's deadly weapon finding. *See Dricas*, 175 S.W.3d at 798; *Foley v. State*, 327 S.W.3d 907, 917 (Tex. App.—Corpus Christi 2010, pet ref'd) ("Although Foley's driving may have been reckless or dangerous, it could not cause death or serious bodily injury to others because no other persons or vehicles were in the immediate vicinity of Foley's crash."). We sustain appellant's second issue on appeal.

## CONCLUSION

Having sustained appellant's second issue on appeal, we modify the trial court's judgment to delete the deadly weapon finding, and we affirm the judgment as reformed. *See Williams v. State*, 970 S.W.2d 566, 566 (Tex. Crim. App. 1998)

---

[2] While this element was not included in the jury charge, as pointed out above, we review the sufficiency of the evidence according to a hypothetically correct jury charge. See *Curry*, 30 S.W.3d at 404.

(holding that proper remedy when evidence is legally insufficient to support deadly weapon finding is to delete finding and affirm the judgment as reformed).


/s/    J. Brett Busby
        Justice


Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).