PD-0374-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/6/2015 9:24:25 AM
Accepted 5/6/2015 2:04:07 PM
ABEL ACOSTA
CLERK

PD-0374-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

THOMAS HENRY SINCLAIR

*APPELLANT*

vs.

THE STATE OF TEXAS

*APPELLEE*

FROM THE TENTH COURT OF APPEALS
CAUSE NO. 10-11-00424-CR

APPEAL FROM THE 13TH DISTRICT COURT
OF NAVARRO COUNTY, CAUSE NO. 33805-CR

APPELLANT'S PETITION FOR
DISCRETIONARY REVIEW

BRETT ORDIWAY
State Bar No. 24079086

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)
bordiway@sualaw.com

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

May 6, 2015

ABEL ACOSTA, CLERK

## Ground for Review

This Court has already once reversed the court of appeals for overruling, without analysis, Sinclair's claim that the trial court erred in admitting into evidence an alleged extraneous bad act. On remand, though, the court of appeals again avoided that question, instead overruling the issue by determining it was unpreserved and that, even if the trial court erred, it was harmless. Was the court of appeals wrong on both bases?

## Table of Contents

Ground for Review ............................................................................ 2

Index of Authorities ......................................................................... 4

Identity of Parties and Counsel ..................................................... 5

Statement Regarding Oral Argument ........................................... 7

Statement of the Case and Procedural History ......................... 8

Argument ......................................................................................... 11

    The court of appeals again improperly avoided the true issue, this time by incorrectly overruling it as unpreserved and harmless, regardless. ....................................................................................... 11

        I.  The trial court's error ................................................... 11

        II.  The court of appeals again refused to address the issue, resulting in a predictably strained opinion ..................................... 15

        a.  The court misunderstood the law as to preservation ................ 15

        b.  The court misunderstood the law and the facts in holding any error harmless, regardless ................................................................ 18

        III. Conclusion ............................................................... 21

Prayer ............................................................................................... 22

Certificate of Service ..................................................................... 23

Certificate of Compliance .............................................................. 23

Appendix ........................................................................................... 24

# Index of Authorities

**Cases**

*Buchanan v. State*, 911 S.W.2d 11, 14-15 (Tex. Crim. App. 1995)......... 16
*Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) ................. 20
*Duff-Smith v. State*, 685 S.W.2d 26, 33 (Tex. Crim. App. 1985) ............ 17
*Hernandez v. State*, 176 S.W.3d 821 (Tex. Crim. App. 2005)........... 19, 20
*Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) ........ 16, 17
*Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.–Fort Worth 2005, no pet.) ....................................................................................................... 16
*Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.–Houston [1 Dist.] 2011, no pet.) ...................................................................................... 16
*McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005).......... 17
*Sinclair v. State*, No. 10-11-00424-CR, 2014 WL 1681980 (Tex. App.–Waco 2014) ................................................................................. 9, 15, 20
*Sinclair v. State*, No. 10-11-00424-CR, 2015 WL 1021279, *2 (Tex. App.—Waco 2015) ........................................................................ passim
*Sinclair v. State*, No. PD-0669-14, 2014 WL 5370044, *1 (Tex. Crim. App. 2014)................................................................................ 9, 15, 21
*Washington v. State*, 943 S.W.2d 501, 504 (Tex. App. – Fort Worth 1997, pet. ref'd)................................................................................... 17

**Statutes**

TEX. PEN. CODE § 19.04 ...................................................................... 8, 12
TEX. PEN. CODE § 22.02 ...................................................................... 8, 12

**Rules**

TEX. R. EVID. 404(b) ............................................................................... 22

## Identity of Parties and Counsel

For Appellant Thomas Henry Sinclair:

    TOBY SHOOK
    REX GUNTER
        *Trial counsel of record*
    SHOOK , GUNTER, & WIRSKYE
    717 N. Harwood Street, Suite 2652
    Dallas, Texas 75201

    LORI L. ORDIWAY
        *Original appellate counsel of record*
    P.O. Box 793991
    Dallas, Texas 75379

    BRETT ORDIWAY
        *Appellate counsel of record*
    SORRELS, UDASHEN & ANTON
    2311 Cedar Springs, Suite 250
    Dallas, Texas 75201

For Appellee the State of Texas:

    WILLIAM GROVER THOMPSON
    ANDREW WOLF
    PAUL THOMAS VINCENT
        *Trial counsel of record*
    NAVARRO COUNTY DISTRICT ATTORNEY'S OFFICE
    300 W. 3rd Avenue, Suite 203
    Corsicana, Texas 75110

    ANDREW WOLF
        *Appellate counsel of record*
    NAVARRO COUNTY DISTRICT ATTORNEY'S OFFICE

Trial court:

THE HONORABLE JAMES E. LAGOMARSINO
13TH JUDICIAL DISTRICT COURT OF NAVARRO COUNTY

## Statement Regarding Oral Argument

Sinclair believes oral argument would be helpful to this Court's understanding of the court of appeals's repeated errors.

## Statement of the Case and Procedural History

In Cause Number 33805-CR (Navarro County), Sinclair was charged by indictment for one count of manslaughter, a second count of aggravated assault causing bodily injury, and a third count of aggravated assault with a deadly weapon, all arising out of the same offense. (CR: 32-33); *see* TEX. PEN. CODE §§ 19.04(a); 22.02(a)(1)&(2). The offense was alleged to have been committed on or about October 1, 2008. (CR: 32-33).

On October 17, 2011, the trial court conducted voir dire, and a jury was selected and sworn. (RR3: 6-152; RR4: 4-148). On the next day [October 18, 2011], Sinclair entered a plea of not guilty, and the jury trial commenced. (RR5: 29, et seq.). On October 26, 2011, after hearing evidence and testimony, the jury found Sinclair guilty of the lesser-included offense of assault. (CR: 71; RR11: 20-21); *see* TEX. PEN. CODE § 22.01(a)(1). On the same date, after hearing evidence and testimony at punishment, the jury assessed punishment at confinement for one (1) year in the county jail and a $4,000.00 fine. (CR: 76; RR12: 28-29). Sinclair was also sentenced on that date [October 26, 2011]. (CR: 85; RR12:

33). Sinclair timely filed written notice of appeal on October 26, 2011. (CR: 73).

On April 24, 2014, the Waco Court of Appeals affirmed the judgment of the trial court. *Sinclair v. State*, No. 10-11-00424-CR, 2014 WL 1681980 (Tex. App.–Waco 2014) (mem. op., not designated for publication). No motion for rehearing was filed.

Sinclair then petitioned this Court for discretionary review, "contend[ing] in part that the court of appeals provided no analysis and did not cite any authority in overruling his issue" that "the State's notice of the extraneous act evidence was untimely under Rule of Evidence 404(b)." *Sinclair v. State*, No. PD-0669-14, 2014 WL 5370044, *1 (Tex. Crim. App. 2014). This Court agreed, and on September 24, 2014, it granted Sinclair's petition for discretionary review, vacated the judgment of the court of appeals, and remanded this case to that court to reconsider the issue. *Id.*

The Waco Court of Appeals nonetheless again avoided analyzing whether the State's notice of the extraneous act evidence was untimely, instead overruling Sinclair's issue because it determined it was not preserved, and that even if untimely it was harmless, regardless. *Sinclair*

*v. State*, No. 10-11-00424-CR, 2015 WL 1021279, *2 (Tex. App.—Waco 2015). This petition now follows.

## Argument

The court of appeals again improperly avoided the true issue, this time by incorrectly overruling it as unpreserved and harmless, regardless.

◆　◆　◆

## I.　The trial court's error

The court of appeals adequately set out the core facts of the case:

Sinclair operates Wispers nightclub, and the complainant, Fernando Ramirez, was a patron at the nightclub. Ramirez paid for private dances at the nightclub, and he went with a dancer to the VIP room. The dancer testified that Ramirez requested her to perform sex acts, which she refused, and she left the VIP room. Ramirez went to Sinclair requesting a refund, but Sinclair refused to give the refund.

Sinclair testified that Ramirez took a swing at him and threw things at him. Sinclair struck Ramirez with a sjambok, a type of whip. Jeff Ballew, the DJ at Wispers, then came and yanked Ramirez by the collar backwards to the ground. Some patrons of the nightclub dragged Ramirez out of the nightclub and into the parking lot by his feet. Ramirez was taken to a local hospital where he was pronounced dead. The medical examiner testified that Ramirez died from blunt force head injuries. Ramirez had an "abrasive contusion" on the back of his head consistent with his head hitting a hard, rough surface.

*Sinclair v. State*, No. 10-11-00424-CR, 2015 WL 1021279, *1 (Tex. App.—Waco 2015).

For this, Sinclair was charged by indictment for one count of manslaughter, a second count of aggravated assault causing bodily injury, and a third count of aggravated assault with a deadly weapon. (CR: 32-33); *see* TEX. PEN. CODE §§ 19.04(a); 22.02(a)(1)&(2). Accordingly, on November 16, 2009, Sinclair filed a written request for notice prior to trial of any extraneous offenses, acts, or conduct the State intended to introduce. (CR: 15). The trial court granted the request on January 14, 2010, and ordered the State "to reveal to Defense counsel the date, manner and means of any extraneous offense, act or conduct of the Defendant not alleged in the indictment…which the State plans to introduce into evidence." (CR: 19). At a pretrial hearing conducted on September 2, 2011, the State acknowledged the defense's request for ten days' notice of extraneous offenses and represented to the trial court that it did not intend to offer any extraneous convictions (or bad acts or offenses, as added by the trial court). (RR2: 5, 7).

On the first day of trial, however—Monday October 17, 2011—the State filed written notice of its intent to introduce evidence of an extraneous act: "that Defendant has, on occasions other than the charged offense, assaulted people with a [sjambok] at the Wispers Cabaret in Na-

12

varro County Texas." (CR: 55). On October 21, 2011, in a hearing outside the presence of the jury, just before this evidence was to be offered, witness Jeff Ballew testified that he had once before seen Sinclair use a sjambok while fighting with a different Hispanic customer at the club. (RR8: 12-13). According to Ballew, in the summer of 2007 Sinclair chased the man into the parking lot, at which point Ballew got between them. (RR8: 13-14, 15, 17).

Sinclair's counsel objected to the offer of Ballew's testimony, urging that he had requested notice of any extraneous offenses several times in pretrial hearings, that the trial court had granted those requests, and that he had asked for notice on the record as recently as the pretrial hearing on September 2, 2011, at which time the State represented that it did not have any extraneous offenses. (RR8: 18-19). Defense counsel further urged that this evidence was "highly prejudicial," that neither the name of the alleged victim nor the date of the event was provided, and that the late date precluded notifying other witnesses who may have been involved in such incident. (RR8: 19). Finally, defense counsel also argued that this extraneous offense evidence was not admissible under any of the exceptions in Rule 404(b) of the Texas

Rules of Evidence and was essentially character conformity evidence. (RR7: 19-20).

The State responded that it had just learned of this alleged extraneous act earlier in the week and "attempted to give as best notice" as it could to Sinclair. (RR8: 20). In response, defense counsel argued:

> Just to reurge, Judge—I mean, if this comes in, obviously, we're going to have to think about trying to find out more fact witnesses about this. That's the danger of this late delay of the notice just coming in on Monday while we're picking a jury. There's no way we can prepare for that, and, you know, I'm sorry that Mr. Wolf [the prosecutor] just learned about it on that day, but that's a factor in this, Judge. It doesn't need to come in. It's too prejudicial.

(RR8: 22-23). The trial court nonetheless overruled the objection. (RR8: 23).

Ballew then testified before the jury about the alleged extraneous act. Specifically, he alleged that on another occasion Sinclair, who was in the "pay area" of the club, hit a customer with the sjambok and chased him into the parking lot, at which point Ballew went out to the parking lot and broke up the fight. (RR8: 45-48). In response to Ballew's allegation, Sinclair explained to the jury in his testimony what actually occurred: the customer became upset and came at Sinclair in the club, so Sinclair told the customer to leave and then "took the [sjambok]

14

and…gave him a warning sign with it." (RR9: 163-66). Sinclair wholly denied hitting the man with the sjambok, denied chasing the man through the parking lot or hitting him there, and denied that Ballew intervened in any way. (RR9: 166-69). The trial court admitted Defense Exhibit 46, a photograph taken from the security system at the club, showing the customer in the prior event. (RR9: 163, 167-68).

## II. The court of appeals again refused to address the issue, resulting in a predictably strained opinion

### a. The court misunderstood the law as to preservation

Sinclair appealed to the Tenth Court of Appeals, arguing that the trial court abused its discretion in admitting evidence of the alleged extraneous offense because the State's notice was untimely. *Sinclair v. State*, No. 10-11-00424-CR, 2014 WL 1681980, *3 (Tex. App.—Waco 2014, pet. granted). The court of appeals rejected Sinclair's claim, but this Court vacated its judgment because it provided no analysis in so doing. *Sinclair v. State*, No. PD-0669-14, 2014 WL 5370044, *1 (Tex. Crim. App. 2014). And yet, on remand, the court of appeals again disposed of Sinclair's issue without a word, first in a single paragraph concluding that the failure to request a continuance waived any complaint on appeal about the lack of notice:

15

To preserve error regarding the State's failure to provide reasonable notice of its intent to use extraneous offense evidence, the defendant must request a continuance to mitigate the effects of surprise. *See Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.–Houston [1 Dist.] 2011, no pet.); *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.–Fort Worth 2005, no pet.). Sinclair did not request a continuance to allow additional time to investigate the allegations or prepare a defense. Sinclair failed to preserve his complaint for appellate review that the State did not provide reasonable notice of the extraneous offense. *See Martines v. State*, 371 S.W.3d at 249.

*Sinclair*, 2015 WL 1021279 at *2.

The court of appeals was, again, wrong. Because, though the two opinions of its sister courts to which it cited in fact held as much, they are wrong. The only opinion by this Court to which they cite—*Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982)—does not at all stand for the proposition for which it is cited. *See Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.–Houston [1 Dist.] 2011, no pet.); *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.–Fort Worth 2005, no pet.). In fact, this Court has consistently held that error is preserved simply by an objection at trial to the lack of reasonable notice of the State's intent to introduce specific uncharged offenses. *See Buchanan v. State*, 911 S.W.2d 11, 14-15 (Tex. Crim. App. 1995) (sustaining appellant's claim that the State failed to provide reasonable notice upon his objection on

16

that basis); *Duff-Smith v. State*, 685 S.W.2d 26, 33 (Tex. Crim. App. 1985) (holding that it is well settled that the proper procedure when alleging surprise due to violation of a trial court's *order for discovery* is to object *or* ask for a postponement or continuance of the trial). The only authority from this Court that a request for continuance has any place in the failure-to-provide-reasonable-notice analysis is *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005), but, in that case, this Court merely considered the lack of a request for a continuance as one factor when assessing *harm*. It held that the Rule 404(b) error was preserved by McDonald's objection at trial to lack of reasonable notice of state's intent to introduce specific uncharged offenses. *Id.*

The courts of appeals's opinions' mistake is somewhat understandable, though. For, in *Lindley*, 635 S.W.2d at 544, this Court indeed said that "[t]he failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise." But, as evidenced by this Court's just-discussed subsequent case law, and explained by the Fort Worth Court of Appeals in *Washington v. State*, 943 S.W.2d 501, 504 (Tex. App. – Fort Worth 1997, pet. ref'd) (op. on reh'g), this Court's holding in *Lindley* did not apply to a violation of the re-

quirement to provide reasonable notice of extraneous offenses upon a timely request. "In fact, [the *Lindley*] line of cases deals almost exclusively with errors based on violations of a trial court's discovery orders." *Id.*

It is therefore clear that an objection, and nothing more, is required to preserve a complaint about lack of notice of extraneous offense evidence. Thus, because Sinclair's counsel did just that, the court of appeals was wrong to avoid the true issue on this basis.

### b. The court misunderstood the law and the facts in holding any error harmless, regardless

In light of this Court's vacation and remand of the court of appeals's original opinion's "single conclusory paragraph," though, this time the court of appeals followed its one-paragraph preservation analysis with a one-paragraph harm analysis. Even if Sinclair's complaint was preserved, and meritorious, the court concluded, it was harmless:

> Ballew's testimony was admitted several days after the State provided written notice of intent to introduce evidence of extraneous offenses and acts. Sinclair was aware of the incident Ballew described. Sinclair testified in detail about the incident at trial and denied striking the previous patron with the sjambok. Sinclair testified that there was a dispute with the patron, and he gave him a "warning sign" with the sjambok. Sinclair further produced two photographs from the security camera showing a picture of the patron involved

in the incident. We do not find that Sinclair was harmed by any error in admitting the extraneous offense evidence without proper notice. We overrule the issue.

*Sinclair*, 2015 WL 1021279 at *2. This contingency conclusion is equally strained.

First, the court of appeals entirely ignored this Court's opinion in *Hernandez v. State*, 176 S.W.3d 821 (Tex. Crim. App. 2005), which made clear that the harm analysis to be conducted as to this error depends on the admissibility of the extraneous offense evidence:

> When an appellate court determines that a jury's verdict was substantially influenced by the improper admission of substantively *inadmissible* Rule 404(b) evidence, that influence on the jury's verdict will always be "injurious" since there was no proper purpose for the jury to consider the evidence. But, this is not the case when substantively *admissible* Rule 404(b) evidence is improperly admitted because of the State's failure to comply with the Rule 404(b) notice provision. Under these circumstances, the error in admitting this evidence may have had a substantial effect or influence on the jury's verdict, but it cannot be said that this effect or influence was "injurious" if the defendant was not surprised by the evidence.

*Id.* at 825 (emphasis added). In simply "consider[ing] the purpose of preventing surprise in conducting the Rule 44.2(b) harm analysis," then, the court of appeals ignored the requisite initial inquiry. *See Sinclair*, 2015 WL 1021279 at *2.

As to that question, Sinclair urges that the extraneous offense evidence in this case was "substantively inadmissible Rule 404(b) evidence" because it did not fall under any exception provided by Rule 404(b). The purpose for offering it—as the court of appeals stated–was because it "explained Ballew's response to [Appellant's] altercation with" the complainant. *Sinclair*, 2014 WL 1681980 at \*4. This is not an admissible basis for extraneous offense evidence under Rule 404(b). Moreover, Sinclair urges that the actual improper purpose for the State's offer of this evidence was "to prove the character of [Sinclair] in order to show action in conformity therewith." TEX. R. EVID. 404(b); *see also Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) ("Evidence that does not have relevance apart from character conformity is inadmissible."). Thus, because there was no proper purpose for the jury to consider this evidence, the influence on the jury's verdict was "injurious" and therefore harmful under Rule 44.2(b). *See Hernandez*, 176 S.W.3d at 825. The court of appeals was therefore wrong to hold otherwise.

Even if this Court were to conclude that this evidence was "substantively admissible Rule 404(b) evidence," though, the error in admit-

ting this evidence was "injurious" because the record shows that Sinclair was plainly "surprised by the evidence." *Id.* The court of appeals's holding otherwise was entirely contingent upon its understanding that the State gave notice of the extraneous offense on the first day of voir dire. *See Sinclair*, 2015 WL 1021279 at *2 ("The State indicated that Ballew had informed them of the act on the morning of voir dire and that [it] provided notice at that time."). But as explained in Sinclair's original brief on appeal, the defense did not get the specifics of the extraneous offense testimony until the day that it was admitted. *See* Brief of Appellant at 18-19. And this Court affirmed the same sequence of events in its opinion summarily granting Sinclair's original petition for discretionary review. *See Sinclair*, 2014 WL 5370044 at *1. Under either analysis, then, Sinclair was harmed by this violation of the Rule 404(b) notice requirement, and he is entitled to a reversal and remand for a new trial. Accordingly, the court of appeals was wrong to avoid the true issue on this basis, too.

## III. Conclusion

The Waco Court of Appeals has desperately sought to avoid addressing Sinclair's issue. First, it tried to overrule it without analysis.

Then, after this Court reprimanded it for as much, it contorted itself to analyze anything but the question. But, in so doing, the court of appeals was required to reach conclusions that make entirely no sense.

This Court should not tolerate as much.

## Prayer

Accordingly, Sinclair respectfully requests this Court to grant this petition for discretionary review, reverse the judgment of the court of appeals, and again remand this case to that court to consider the true issue.

Respectfully submitted,


        /s/ Brett Ordiway
BRETT ORDIWAY
Bar Card No. 24079086

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)
bordiway@sualaw.com

*Counsel for Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Navarro County District Attorney's Office and the State Prosecuting Attorney on May 6, 2015.

/s/ Brett Ordiway
BRETT ORDIWAY

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this petition contains 2,544 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.

/s/ Brett Ordiway
BRETT ORDIWAY

# **<u>Appendix</u>**



# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00424-CR

**THOMAS HENRY SINCLAIR,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 33805-CR**

## MEMORANDUM OPINION

The jury convicted Thomas Henry Sinclair of the offense of assault and assessed his punishment at one year confinement in the county jail and a $4,000 fine. On April 24, 2014, this Court issued an opinion affirming Sinclair's conviction. Sinclair filed a petition for discretionary review with the Court of Criminal Appeals. The Court of Criminal Appeals vacated the April 24 judgment of this Court and remanded the cause. We affirm.

## Background Facts

Sinclair operates Wispers nightclub, and Fernando Ramirez was a patron at the nightclub. Ramirez paid for private dances at the nightclub, and he went with a dancer to the VIP room. The dancer testified that Ramirez requested her to perform sex acts, which she refused, and she left the VIP room. Ramirez went to Sinclair requesting a refund, but Sinclair refused to give the refund.

Sinclair testified that Ramirez took a swing at him and threw things at him. Sinclair struck Ramirez with a sjambok, a type of whip. Jeff Ballew, the DJ at Wispers, then came and yanked Ramirez by the collar backwards to the ground. Some patrons of the nightclub dragged Ramirez out of the nightclub and into the parking lot by his feet. Ramirez was taken to a local hospital where he was pronounced dead. The medical examiner testified that Ramirez died from blunt force head injuries. Ramirez had an "abrasive contusion" on the back of his head consistent with his head hitting a hard, rough surface.

## Extraneous Offense

In the third issue on appeal, Sinclair complained that the trial court erred in admitting evidence of an extraneous offense because the State failed to provide reasonable notice of the extraneous offense. Sinclair complains that the trial court erred in admitting the testimony of Jeff Ballew that Sinclair had used the sjambok on another patron of the nightclub on a previous occasion. Ballew stated that Sinclair struck the man with the sjambok and that Ballew intervened and broke up the altercation.

In our April 24 opinion, we found that the trial court did not abuse its discretion in admitting evidence of the extraneous offense. Sinclair argued in his petition for discretionary review that we provided no analysis and cited no authority in overruling the issue. The Court of Criminal Appeals remanded for this Court to reconsider that particular issue.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). We will affirm the decision of the trial court if there is any valid ground upon which the decision could have been made. *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Rule 404(b) of the Texas Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

Sinclair argues that the State's notice of the extraneous offense was untimely. Sinclair filed a request for notice of extraneous offenses on November 16, 2009, and the trial court granted the request on January 14, 2010. At a pretrial hearing on September 2, 2011, the State indicated that they did not intend to offer any extraneous offenses or

bad acts at trial. On October 17, 2011, the first day of voir dire, the State filed written notice of intent to introduce evidence of extraneous offenses and acts. The notice stated that the State intended to introduce evidence that Sinclair "has, on occasions other than the charged offense, assaulted people with a whip at the Wispers Cabaret in Navarro County Texas."

Prior to Ballew's testimony on October 21, 2011, the trial court held a hearing outside the presence of the jury. Sinclair argued that the evidence was untimely and highly prejudicial. The State indicated that Ballew had informed them of the act on the morning of voir dire and that they provided notice at that time.

To preserve error regarding the State's failure to provide reasonable notice of its intent to use extraneous offense evidence, the defendant must request a continuance to mitigate the effects of surprise. *See Martines v. State*, 371 S.W.3d 232, 249 (Tex.App.-Houston [1 Dist.] 2011, no pet.); *Martin v. State*, 176 S.W.3d 887, 900 (Tex.App.-Fort Worth 2005, no pet.). Sinclair did not request a continuance to allow additional time to investigate the allegations or prepare a defense. Sinclair failed to preserve his complaint for appellate review that the State did not provide reasonable notice of the extraneous offense. *See Martines v. State*, 371 S.W.3d at 249.

Moreover, the admission of extraneous offense evidence without proper notice is non-constitutional error subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX.R.APP.P. 44.2(b); *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). We disregard any error that does not affect appellant's substantial rights. TEX.R.APP.P. 44.2(b). The purpose of the Rule 404 (b) notice

requirement serves to prevent surprise to the defendant and to apprise him of the offenses the State plans to introduce at trial. *See Hernandez v. State*, 176 S.W.3d at 825. Therefore, we consider the purpose of preventing surprise in conducting the Rule 44.2 (b) harm analysis. *Id*.

Ballew's testimony was admitted several days after the State provided written notice of intent to introduce evidence of extraneous offenses and acts. Sinclair was aware of the incident Ballew described. Sinclair testified in detail about the incident at trial and denied striking the previous patron with the sjambok. Sinclair testified that there was a dispute with the patron, and he gave him a "warning sign" with the sjambok. Sinclair further produced two photographs from the security camera showing a picture of the patron involved in the incident. We do not find that Sinclair was harmed by any error in admitting the extraneous offense evidence without proper notice. We overrule the issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
Do not publish
[CR 25]

